UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

LOCAL 2507, UNIFORMED EMTs,
PARAMEDICS & FIRE INSPECTORS, Individually
and on behalf of its current and former members;
LOCAL 3621, EMS OFFICERS UNION,
Individually and on behalf of its current and former
members; NYC EMS SUPERIOR OFFICERS
ASSOCIATION, Individually and on behalf of its
current and former members; TONYA BOYD,
CHRISTELL CADET, MARK CARRASQUILLO,
LIZETTE CLARO, BEVERLY COBB, ALI
COUTARD, SENCIA DATILUS, LAITRICE
EDWARDS, ALICIA ELKADI, RONALD FLOYD,
KAHLIA GRAHAM, RICHARD GUZMAN,
MAGGIE HOPE, JASMIN HOWARD, ANGELA
JONES, RAVIVARMAN KAILAYANATHAN,
MELANIE MORENO-KETCHUM, JENELLE
PIERRE, SIMONE QUASHIE, JASON SAFFON,
ALLISON SHAUGHNESSY, LAURA TORRES,
ANDRE VALDEZ, LANCE WINFIELD, RONALD
WOLFE, MARYLOU AURRICHIO on behalf of
themselves and all other similarly-situated
individuals,

**CONFIDENTIALITY AND PROTECTIVE ORDER**

22 Civ. 10336 (AT) (GWG)

                                        Plaintiffs,

                v.

CITY OF NEW YORK on behalf of the Fire
Department of the City of New York,

                                        Defendant.
------------------------------------------------------------------ X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

1.     As used herein, "Confidential Materials" shall refer only to documents or relevant portions of documents provided to opposing counsel and marked "CONFIDENTIAL MATERIALS" on each page. A party shall only designate materials as "Confidential Materials" if that party has a good faith belief that the material is protectible pursuant to Fed. R. Civ. P. 26(c).

2. As used herein, "Confidential Materials" shall mean only documents or relevant portions of documents, information or data so marked with the words "CONFIDENTIAL MATERIALS" on each page,

3. If a party believes that documents or information or data designated or sought to be designated confidential by the Producing Party does not warrant such designation, or in the alternative, if a party believes that a document not designated as confidential should nevertheless receive that designation, the party receiving those documents and information (the "Receiving Party") shall make a good-faith effort to resolve the dispute with the Producing Party. In the event that the dispute cannot be resolved by the parties, either the Producing Party or the Receiving Party may apply to the Court for a determination as to whether the designation is appropriate in accordance with the Court's Individual Practices. The burden rests on the party seeking the confidentiality designation to demonstrate that such designation is proper.

4. Documents designated as Confidential Materials shall be shown only to the attorneys, the parties (i.e., named plaintiffs and defendants), the parties' experts, and any other persons whom both sides stipulate in writing may be shown such documents. (Any party may make an application to the Court if the parties cannot reach agreement on a stipulation.) Each person who is provided Confidential Materials by a party's counsel shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidentiality designation. Such person shall not be shown the materials unless the person shall also sign a consent in writing, in the form annexed hereto as Exhibit "A" in which the person agrees not to use the CONFIDENTIAL MATERIAL for any purpose other than in connection with the prosecution of this case and not to further disclose the CONFIDENTIAL MATERIALS except in testimony taken

in this case. The signed consent form shall be retained by the party who obtained the signature on the consent form and it shall be furnished to the opposing side on request..

5. Neither the Receiving Party nor their attorneys shall use the Confidential Materials for any purpose other than for the prosecution of this action and/or any appeal thereof.

6. At a deposition, no objection shall be interposed that an answer would elicit confidential information, nor shall testimony be withheld based on such objection. At the time of deposition or within 14 days after receipt of the deposition transcript, a party may designate as Confidential Material specific portions of the transcript which contain confidential material under the standard set forth above. Transcripts will be treated as Confidential Material for this 14-day period. Any designation shall be in writing and served upon all counsel. The designation shall indicate visually (for example, by highlighting) on each page the specific materials that are being designated as Confidential Material. The top of each page containing confidential material shall have the heading: "THIS PAGE CONTAINS MATERIAL DESIGNATED AS CONFIDENTIAL." Any portions of a transcript designated as Confidential Material shall thereafter be treated as Confidential Material in accordance with this order.

7. If any paper that contains Confidential Material or reveals Confidential Material is filed in this Court, the parties hereto may apply to the Court to seal those portions of the papers. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for filing sealed documents in civil cases. In filing materials with the Court, counsel shall file under seal only those specific documents and deposition testimony designated as Confidential Material, and only those specific portions of briefs, applications, and other filings that contain Confidential Material.

8.

9. The inadvertent, unintentional, or *in camera* disclosure of Confidential Material shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

10. The Receiving Party's obligation to maintain Confidential Materials will be satisfied upon the complete destruction or return of the Confidential Materials. Once the action has been resolved, including all appeals, the Confidential Materials including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose. Nothing in this Order shall be construed as limiting the Producing Party's use of the Confidential Materials in any manner.

11. However, where parties agree in writing that Confidential Material contained in a document is not material to issues addressed in Court submissions and that the redaction of personal, identifying information would be sufficient to protect the interests of parties or non-parties, a party may file redactions of that personal identifying information without further order of the Court.

**Non-waiver under Federal Rule of Evidence 502(d)**:

12. Any party's production in this proceeding of any documents, information or data protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law (collectively, "Protected Material") shall not constitute a waiver of any privilege or protection applicable to that information in this action or in any other federal or state action or proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

13. The Producing Party may demand that the Receiving Party return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that Protected Material was produced and shall state with particularity

in a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2, the Protected Material to be returned or destroyed. If the documents subject to the Clawback Demand contain Protected Material only in part, the Producing Party shall, contemporaneously with the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.  Upon receiving a Clawback Demand, the Receiving Party shall destroy the material identified in the Clawback Demand within five (5) business days regardless of whether the Receiving Party agrees that the Clawback Demand seeks Protected Material.

14. If a Receiving Party disagrees with a Producing Party's claim that certain documents, information, or data constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents covered by the Clawback Demand, (or in the case of redacted documents, compelling that the redactions be removed) during which Receiving Party shall not use the disputed documents.  As a basis for its application, the Receiving Party may not rely on the fact that the documents were produced before they were clawed back.  Any motion compelling production of clawed back Protected Material shall not disclose or otherwise refer to the content of the documents or information or data (beyond any information appearing in the above-referenced privilege log, or any portion of the document that the parties agree is not Protected Material).

15. The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand until there is an order of the Court directing otherwise. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

16. This Order may be changed only by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief in good faith and upon notice to the other parties with regard to any provision hereof.

17. Within six (6) months after the final resolution of this case, including any appeals, the Receiving Party shall destroy the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom.

18. Nothing in this Order shall be construed to limit either party from use of the Confidential Materials produced by the Producing Party in any manner in motion practice or during trial in the course of this proceeding or any subsequent appeals. Nor shall any provision in this Order be construed to limit a party's right to conduct a review of documents, electronically stored information, or data(including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Dated April 14, 2023

SO ORDERED:

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that all documents or information labeled "CONFIDENTIAL" or "CONFIDENTIAL MATERIAL" are confidential by Order of the Court.  The undersigned hereby acknowledges that he/she has read the Confidentiality and Protective Order in the United States District Court for the Southern District of New York dated April 14, 2023, in the action entitled *Local 2507 et al. v. City of New York, 22-cv-10336 (AT)*, or has been advised of its provisions or contents, and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the litigation of this case, and will not further disclose the Confidential Materials except to the attorneys, parties or an expert in this case or in testimony in this case (whether by deposition or at trial).

| | |
|---|---|
| Date | Signature |
| | Print Name |
| | Occupation |