UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LOCAL 2507, UNIFORMED EMTS,           :
PARAMEDICS & FIRE INSPECTORS et al.,
                                                              :

        Plaintiffs,                              ORDER
                                                                :

   -v.-

                                                                :      22 Civ. 10336 (AT) (GWG)

CITY OF NEW YORK                             :

        Defendant.                              :
-------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs made an application on April 28, 2023, seeking resolution of various discovery disputes. (Docket # 64) ("Apr. 28 Let."). Although defendant avers that the issues raised are moot following additional production (Docket # 68) ("Def. Resp."), plaintiffs identify four issues still outstanding (Docket # 69) ("Pl. Reply").

      Before addressing the disputes, we note that it appears defendant may not have complied with paragraph 2.A of the Court's Individual Practices, which requires that a "party must respond within one business day to any request from another party to confer unless an emergency prevents such a response." <u>Defendant's counsel are ordered to make themselves available in the future to confer by telephone within one business day absent an emergency</u> as to any discovery dispute in this matter.

      We turn next to the four issues.

      1.     <u>30(b)(6) Witnesses</u>

      Plaintiffs seek production of names of defendant's representatives designated under Fed. R. Civ. P. 30(b)(6), along with dates on which these witnesses may be deposed. Apr. 28 Let. at 1; Pl. Reply at 3. Plaintiffs provided notice of 19 topics applicable to these witnesses prior to the Court's April 24, 2023 discovery conference, and defendant repeatedly assured the Court that defendant would provide dates for these depositions within one week. (<u>See</u> Docket # 62 at 61:2-3, 74:24-75:2, 75:22-25) ("Tr."). Although defendant represents that it has "supplied the remaining dates for the additional 30(b)(6) depositions," Def. Resp. at 1, plaintiffs express a belief that these dates and deponents are "for [a] limited scope of examination," and do not address all 19 topics, Pl. Reply at 2. The parties are directed to <u>confer immediately</u> on this issue by telephone or video and, if there remains any dispute about providing witnesses on the required topics and in the timeframe ordered by the Court, to file a jointly-composed letter outlining the dispute by May 5, 2023. (The parties may extend this date by mutual agreement and without further order of the Court.)

   2.   FDNY Budget

Plaintiffs seek discovery regarding the latest FDNY budget proposal, Pl. Reply at 2-3, as ordered in the Court's April 25, 2023 scheduling order. (Docket # 60 ¶ 3(c)) ("Scheduling Order"). Although the Scheduling Order states that defendant must produce "FDNY's most recent proposed annual budget as sent to the New York City Council," id., defendant's letter states only that it has provided budget-related documents, and fails to verify that these document constitute the budget proposed by FDNY, see Def. Resp. at 3. To the extent these documents reflect budgets adopted by the City of New York, the production does not satisfy the Scheduling Order. See also Tr. 21:23-22:11 (defendant ordered to produce "the budget proposed by the FDNY . . . [t]o the City Council"). Accordingly, defendant is ordered to produce the most recent proposed budget on or before May 5, 2022.

The defendant is again reminded that it is completely improper to send a link to a document to satisfy its Rule 34 obligation. The defendant must produce any responsive documents under its own name.

   3.   Docket # 59-1 Answers

Plaintiffs seek defendant's answer to one of the six questions identified in plaintiffs' April 21, 2023 letter (Docket # 59-1), as ordered in the Scheduling Order, ¶ 3(a). See Pl. Reply at 2-3. Defendant states that "[this] question requires consultation with several more employees and that [d]efendant will provide the answer within a week." Def. Resp. at 3. Bizarrely, defendant does not seek an extension of this deadline. Instead, it merely announces that it has granted itself a one-week extension. Such conduct is obviously improper.

Defendant shall provide the information by May 4, 2023. If it seeks further time (and cannot reach the agreement permitted by the Scheduling Order (Docket # 60 at 2 ¶ 5)), it must seek an extension from the Court as provided in paragraph 1.E of the Court's Individual Practices.

The Court warns that it is prepared to sanction parties in the future who fail to comply with Court-ordered deadlines.

   4.   De-Designation of Demographic Data

Plaintiffs appear to seek de-designation of demographic data produced on May 1, 2023, and marked as "Confidential." See Pl. Reply at 1-3. The Confidentiality and Protective Order (Docket # 46, ¶ 3) requires a party to comply with the Court's Individual Practices before seeking de-designation. The plaintiffs' letter does not comply with paragraph 2.A and therefore the request is denied without prejudice to a new application that complies with paragraph 2.A.

   SO ORDERED.

Dated: May 2, 2023
   New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

2