UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LOCAL 2507, UNIFORMED EMTS,                          :
PARAMEDICS & FIRE INSPECTORS et al.,

                                                   :

                 Plaintiffs,                          ORDER
                                               :

     -v.-

                                               :          22 Civ. 10336 (AT) (GWG)

CITY OF NEW YORK                                     :

               Defendant.                          :
-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      With regard to Docket # 72, it appears that plaintiffs believe that defendant has waived its right to object to topics for the 30(b)(6) depositions.  It is perhaps understandable that plaintiffs came to this view inasmuch as the issue of the scheduling of the Rule 30(b)(6) depositions --- and the fact that there were 19 topics --- was raised at the Court's conference on April 24, 2023, and yet the City gave no hint that it intended to serve objections to the topics.  Instead, the objections came several days after the conference.

      While the City should have spoken up at the conference to alert plaintiffs and the Court to this possible impediment to scheduling, the Court does not find that the City's conduct results in a waiver of the right to object.  The Federal Rules of Civil Procedure contain no specific deadline for objections to Rule 30(b)(6) topics and the Court will not preclude the City from objecting.  And, having reviewed the topics, it seems obvious to the Court that some topics are too broad or unclearly worded and, depending on their construction, that some topics would not be proportional to the needs of the case.

      The bottom line is that the parties need to go through the topics one by one and try to reach agreement on what exactly the City is going to have to educate its witness on.  This conference should take place as soon as possible (presumably Monday or Tuesday at the latest).  The Court notes that plaintiffs thought that the topics being addressed by 30(b)(6) witnesses could be covered in merely a "couple of hours" on each of three separate days (Docket # 62 at 64) so streamlining should not be hard to achieve.

      The Court is prepared to adjudicate (not "mediate") any dispute that remains after the conference but only after the parties have engaged in an exhaustive discussion.  The parties should structure the discussion by putting in writing in a shared document exactly what topics the parties agree on and what other topics the Court will have to rule on.  If a dispute remains, it shall be presented to the Court in a jointly composed letter filed on ECF.  The letter should give each side's position (even if only briefly) on each area of disagreement.  The Court is hopeful, however that no intervention will be required if both sides act reasonably and in an effort to accommodate the other sides' legitimate interests.

SO ORDERED.

Dated:  May 5, 2023
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge