```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LOCAL 2507, UNIFORMED EMTS,                  :
PARAMEDICS & FIRE INSPECTORS, et al.,
                                             :
             Plaintiffs,                        ORDER
                                             :
     -v.-
                                             :   22 Civ. 10336 (AT) (GWG)

CITY OF NEW YORK,                            :

             Defendant.                      :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

 Plaintiffs have requested that the Court "de-designate" discovery material initially designated as "Confidential" pursuant to the Court's protective order (Docket # 46). See Docket # 71. Defendant argues that the demographic data at issue, which includes the race, gender, and the employee ID number for roughly 14,000 current and members of the FDNY, is properly marked "Confidential" because its disclosure "would constitute an unwarranted invasion of personal privacy." (Docket # 74).

 Fed. R. Civ. P. 26(c) allows for a protective order to issue "for good cause" where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." To the extent a party seeks a protective order under Rule 26(c), that party "has the burden of showing that good cause exists for issuance of that order." Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004); accord Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 71 (S.D.N.Y. 2010) (citing cases). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC, 394 F. Supp. 3d 461, 465 (S.D.N.Y. 2019) (citation omitted). The party seeking to protect documents under Rule 26(c) "must establish that good cause exists by making a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Stinson v. Houslanger & Assocs., 2020 WL 8872563, at *1 (S.D.N.Y. Apr. 23, 2020) (citation omitted).

 Defendant's opposition makes no reference to the law governing this application and instead argues whether this information could be properly disclosed under New York Public Officers Law §§ 87(b)(2) & 89(2). See Docket # 74 at 2. Nonetheless, we have examined the arguments defendant has made that might be viewed as coming within the standard of Rule 26(c).

 Importantly, the data is being produced <u>without the name of any employee</u> but instead with an employee identification number. We accept defendant's premise that the employees have a privacy interest in the identification of their race and sex. But defendant has not met its

burden of making a "specific demonstration of fact" that would allow the conclusion that there is any realistic chance that anyone other than the defendant itself could trace back the anonymized information to an individual employee.

Defendant's citation to a ruling by Judge Pitman in 18 Civ. 4476 (Docket # 76) is not helpful to defendant's case because it appears that the information in that case actually contained the names of the employees — not an employee number. See Docket # 55 in 18 Civ. 4476 at 9-10 (discussing the potential of removing "identifying information"); Docket # 52 in 18 Civ. 4476 at 4 (citing with approval a case that "directed the production of race and gender information . . . with the caveat that alpha-numeric identifiers replace individual employees' names").

All this being said, the Court directs plaintiffs to use the data set only for purposes of this lawsuit and to not disclose it to any party except for the purpose of conducting this litigation. The City has not justified any other restriction, however.

SO ORDERED.

Dated: May 9, 2023
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge