UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LOCAL 2507, UNIFORMED EMTS, :
PARAMEDICS & FIRE INSPECTORS, et al.,
 :
         Plaintiffs,       ORDER
 :
  -v.-
 :       22 Civ. 10336 (AT) (GWG)

CITY OF NEW YORK, :

         Defendant. :
-----------------------------------------------------------------x
**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

    The Court has received the parties' letters in which plaintiffs have purported to raise discovery disputes.  See Docket ## 114-16.  The Court is not convinced the parties have sufficiently conferred.  Accordingly, plaintiffs' application (Docket # 114) is denied without prejudice.  The parties are directed to confer in a sincere attempt understand the other side's position and to reach a resolution.  Following this process, if any disputes remain, the parties are directed to file a jointly-composed letter as to these disputes.  Each issue shall be numbered and shall indicate in a heading which discovery request is at issue.  The letter shall describe, for any remaining issue, each side's position as to that issue in detail.  Before filing such a letter, each side shall be given an opportunity to adjust its portion of the letter to respond to the other side's draft describing its side of the dispute.  Also, each side must make itself available to consult telephonically with opposing counsel (within one business day unless an emergency intervenes) as part of the composition process.  It is critical that each party address in the final version of the letter its responses to the other side's position as to each issue.  If such a letter is filed, the Court may decide the remaining disputes based solely on the letter and without holding a conference.

    It appears there is one question on which the Court's guidance may be helpful now.  As to the production of the "Computer Analyst III" witness, defendant's response does not claim that Matt Adams holds this title but rather states that he is qualified to speak on the subject matter.  However, the Court's Order of September 21, 2023 (Docket # 108) explicitly provides that the "Computer Analyst III" referenced by Harold Wagner should be produced.  Accordingly, the parties should confer on whether Matt Adams is sufficient, and if agreement is not reached, the defendant must comply with the September 21, 2023 Order (or if they have a basis for doing so, they may seek relief from it).

1

SO ORDERED.

Dated: October 19, 2023
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge