UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LOCAL 2507, UNIFORMED EMTS,
PARAMEDICS & FIRE INSPECTORS et al.,           :

                                          :           ORDER
            Plaintiffs,                    22 Civ. 10336 (AT) (GWG)
                                          :

    -v.-
                                          :
CITY OF NEW YORK
                                          :

           Defendant.           :
-----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The letter from the parties dated February 25, 2025, is unhelpful in presenting to the Court the disputes between the parties. The plaintiffs must follow the format contemplated by paragraph 2.A of the Court's Individual Practices; that is, a separate listing of each dispute and an explanation of both the plaintiffs' position as to that particular dispute and the defendant's position (as plaintiffs understand it). The letter and any responsive letter must of course give the reasons why the party believes its position as to each area of dispute is justified.

      Given the lack of clarity, the Court will direct the parties to proceed as follows in the hope that, even if it does not lead to resolution of the disputes, it will at least cause the plaintiffs to put forward the disputes in a form the Court can understand and adjudicate.

      On or before March 5, 2025, plaintiffs shall supply to defendant a letter containing a numbered listing of each discovery request – either quoted verbatim from a request previously made or a narrowing of a previously-made request — that is at issue.

      On or before March 10, 2025, defendant shall supply to plaintiffs a letter that for each of plaintiffs' listings states: (1) whether defendant contends that the request is infirm as written and if so, whether defendant is able to construe the request in some particular manner (and, if the defendant is making a construction of the request, the text of the defendant's construction); (2) whether defendant is making an objection to the request either in its original form or in the form defendant has construed it, and the basis and justification for any such objection; (3) whether defendant has produced (or, if not produced, commits to producing by a date certain that must be provided) all documents or answers responsive to the request (or to defendant's construction of the request if applicable); and (4) if defendant has already produced documents or answers in response to the request, the Bates numbers of any such documents or an identification of where the answer is given.

      The parties may extend the above deadlines by mutual agreement.

If after this exchange either party believes further discussions will aid in narrowing the disputes, they must take place promptly.

Plaintiffs may present any remaining disputes to the Court by a letter that separately lists each discovery request in dispute and the plaintiffs' and defendant's position (as plaintiffs understand it) as to each request.[1] The plaintiffs shall not incorporate by reference or attach any exhibits to this letter. The letter must be in a form that it could be ruled on by the Court without reference to any other letters between the parties.

Defendant shall respond to any such letter to the Court within two business days unless the parties agree otherwise and the agreement is disclosed to the Court in a letter filed on ECF. .

SO ORDERED.

Dated: February 28, 2025
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] If there is some dispute that cuts across multiple requests (for example, whether defendant must produce documents from a certain time period), this may treated as a distinct area of dispute as long as it has been fully discussed by counsel.