UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LOCAL 2507, UNIFORMED EMTS,              : 
PARAMEDICS & FIRE INSPECTORS, et al.,

            :

        Plaintiffs,               MEMORANDUM OPINION

            :

   -v.-

            :         22 Civ. 10336 (AT) (GWG)

CITY OF NEW YORK,               :

        Defendant.            :
------------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs seek to compel the deposition of New York City Fire Commissioner Robert Tucker. See Docket # 219. Commissioner Tucker heads the New York City Fire Department ("FDNY"), an agency of 17,000 employees. Id. at 13. For the reasons stated below, the plaintiffs' motion to compel this deposition is denied.

      Governing Law

      A deposition of a high-level governmental or corporate officer is commonly referred to as an "apex deposition" and may not be ordered absent a special showing by the party seeking the deposition. With respect to governmental officials, the Second Circuit noted in Lederman v. N.Y. City Dept. of Parks and Recreation, 731 F.3d 199 (2d Cir. 2013), that courts have commonly held that "a high-ranking government official should not — absent exceptional circumstances — be deposed or called to testify regarding the reasons for taking official action, including the manner and extent of his study of the record and his consultation with subordinates." Id. at 203 (citations omitted). Lederman's rule derives from the Supreme Court's decision in United States v. Morgan, 313 U.S. 409 (1941), which "long ago expressed concern that the District Court had required a high-ranking government official [ ] to submit to a deposition." Lederman, 731 F.3d at 203.

      The concern about deposing high-level governmental officials also centers on the fact that high-level officials "have greater duties and time constraints than other witnesses" and that "[i]f courts did not limit these depositions, such officials would spend an inordinate amount of time tending to pending litigation. Id. (citations and quotation marks omitted).

      Lederman holds that "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition — for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." Id. at 203 (citation omitted). Lederman required the plaintiffs to "identify with particularity the

1

information they needed" and to show that the official "had first-hand knowledge about the litigated claims or that the relevant information could not be obtained elsewhere." Id.

Obviously, whatever "unique first-hand knowledge" or "necessary information" is sought must of course be "relevant" and the deposition is subject to a proportionality analysis under Fed. R. Civ. P. 26(b)(1). See In re N.Y. City Policing During Summer 2020 Demonstrations, 677 F. Supp. 3d 206, 208 (S.D.N.Y. 2023). Additionally, the party seeking to take the depositions "bears the burden of demonstrating" the "exceptional circumstances" that justify the high-level deposition. Morales v. City of N.Y., 2019 WL 6213059, at *6 (S.D.N.Y. Nov. 21, 2019); accord Presti v. City of N.Y., 609 F. Supp. 3d 204, 207 (E.D.N.Y. 2022).

Analysis

This case involves claims that the differences in pay for Emergency Medical Service ("EMS") employees and firefighters (both of whom work in the FDNY) are a result of sex and race discrimination. In this application, plaintiffs point to certain statements by Commissioner Tucker and argue that his testimony is needed to show how he "he came to the conclusion that EMS employees are underpaid and why he decided to appoint Fire Cadets awaiting appointment to Firefighter to the EMT position." # 219 at 1. The plaintiffs do not explain, however, why the Commissioner's own opinions or knowledge of these matters is at issue in this case. Plaintiffs' assertion that "[n]o other individual can testify from personal knowledge about [the Commissioner's] stated views" as to these matters, id. at 2, puts the cart before the horse. Plaintiffs fail to explain why the Commissioner's personal knowledge about issues in the case is even relevant to their claims or to the defendant's defenses.

What may arguably matter to this case is whether "EMS employees are underpaid" and — albeit less clearly — why "Fire Cadets awaiting appointment to Firefighter" were appointed "to the EMT position." Id. at 1. But as to these issues, plaintiffs do not meet their burden of showing that the Commissioner has any unique or first-hand knowledge that cannot be addressed by another high-level official. Plaintiffs do not even assert that they have attempted to get information as to these matters through other depositions or discovery processes. At one point, plaintiffs note that an agency document states that the FDNY is "always in need of EMS personnel" and use this statement to boldly assert that Commissioner Tucker "should answer under oath whether one of the reasons that FDNY is 'always in need of EMS personnel' is that they are underpaid." # 219 at 3. But plaintiffs utterly fail to show why the Commissioner has any unique knowledge on this point.

We note that it does not advance the ball for plaintiffs to point to various statements that the Commissioner has made concerning matters that touch on this litigation or to evidence that he has considered such matters. Indeed, it would be quite surprising if the Commissioner did not have views about the factual or policy issues raised by this case, regardless of whether he has expressed them publicly. But the mere fact that an agency official has expressed his knowledge or views on a topic relevant to litigation --- or even merely harbors knowledge or views --- does not show "extraordinary circumstances" subjecting the Commissioner to deposition. If having views or information relevant to a litigation were enough to show

"extraordinary circumstances," the protection afforded by Lederman would be a nullity as its strictures would be met for any high-level official who was properly doing his or her job.

For similar reasons, we also reject plaintiffs' apparent argument that because the Commissioner is the person "responsible for setting the policy [and] practices within the FDNY," id. at 4, this fact somehow demonstrates "extraordinary circumstances" justifying the Commissioner's deposition. Plaintiffs have simply not shown that the FDNY's relevant policies and practices are not readily discernable from other sources. As case law recognizes, "[a] plaintiff cannot obtain the testimony of a high official merely on the ground that the official was a policymaker." In re N.Y. City Policing During Summer 2020 Demonstrations, 677 F. Supp. 3d at 208 (denying request to depose the Mayor and Police Commissioner) (citing cases). It is also of no moment that the Commissioner was the ultimate decision-maker responsible for decisions that may be relevant here, such as assigning the Fire Cadets to EMS positions. See Boggs v. Town of Riverhead, 2020 WL 1929076, at *3 (E.D.N.Y. Apr. 20, 2020) ("The fact that [the head of the agency] was the ultimate decision-maker regarding the alleged policy is not a sufficiently exceptional circumstance to compel a deposition.").

In sum, plaintiffs have not met their burden of showing that Commissioner Tucker has unique first-hand knowledge related to the litigated claims or that necessary information cannot be obtained from other sources. They thus have not shown "exceptional circumstances" exist requiring Commissioner Tucker's deposition.[1]

For these reasons, plaintiffs' motion to compel the deposition of Commissioner Tucker (Docket # 219) is denied.

SO ORDERED.

Dated: June 20, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] Additionally, we note that Commissioner Tucker took office less than a year ago and long after this lawsuit was filed. Declaration of FDNY Commissioner Robert Tucker (Docket # 219-4), ¶ 1. He further confirms that he has no first-hand knowledge of any of the underlying facts — such as details surrounding any collective-bargaining negotiations — at the time of his appointment, id. ¶¶ 10, 12; has not been involved in any collective bargaining negotiations between the City and the unions, id. ¶¶ 13-15; has no information on the City's decision to engage in pattern bargaining, id. ¶ 16; and does not have the authority to unilaterally make pay and benefits changes for FDNY employees, id. ¶ 17. This provides yet an additional reason to deny plaintiffs' application.