# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ X

LOCAL 2507, UNIFORMED EMTs, PARAMEDICS &
FIRE INSPECTORS, Individually and on behalf of its
current and former members; LOCAL 3621, EMS
OFFICERS UNION, Individually and on behalf of its
current and former members; NYC EMS SUPERIOR
OFFICERS ASSOCIATION, Individually and on behalf
of its current and former members; TONYA BOYD,
CHRISTELL CADET, MARK CARRASQUILLO,
LIZETTE CLARO, BEVERLY COBB, ALI COUTARD,
SENCIA DATILUS, LAITRICE EDWARDS, ALICIA
ELKADI, RONALD FLOYD, KAHLIA GRAHAM,
RICHARD GUZMAN, MAGGIE HOPE, JASMIN
HOWARD, ANGELA JONES, RAVIVARMAN
KAILAYANATHAN, MELANIE MORENO-
KETCHUM, JENELLE PIERRE, SIMONE QUASHIE,
JASON SAFFON, ALLISON SHAUGHNESSY,
LAURA TORRES, ANDRE VALDEZ, LANCE
WINFIELD, RONALD WOLFE, MARYLOU
AURRICHIO on behalf of themselves and all other
similarly-situated individuals,

                                            Plaintiffs,


                        -against-


CITY OF NEW YORK on behalf of the Fire Department
of the City of New York,

                                            Defendant.

------------------------------------------------------------------ X

**PLAINTIFF'S OBJECTION
TO DEFENDANTS' SECOND
REQUEST FOR
PRODUCTION OF
DOCUMENTS:**
Case No. 22-cv-10336 (AT)
(GWG)


Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff responds and

objects to Defendant's Second Request for Documents as follows:

<u>**GENERAL OBJECTIONS**</u>

All of the general objections set forth herein (the "General Objections") are incorporated in each

of the specific responses to the Document Requests set forth below and have the same force and effect

as if fully set forth therein. Without waiving any of these General Objections to the extent that they apply

1

to each such Request, Plaintiff shall specifically refer to certain General Objections in responding to such Requests.

1.    Plaintiff objects to Defendants' Second Set of Document Requests as a whole on the ground that it is unduly burdensome.

2.    Plaintiff objects to each Request to the extent that it purports to impose obligations inconsistent with, or beyond, those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, any orders entered by the Court in this Action, the Court's Individual Practice Rules, or any other applicable statutes, rules, or law (the "Rules").

3.    Plaintiff objects to each Request to the extent it calls for disclosure of information protected by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity from disclosure. Plaintiff will identify any documents withheld on the basis of privilege as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

4.    Plaintiff objects to each Request to the extent that it is vague, ambiguous, harassing, oppressive, overly broad, unduly burdensome, redundant, or unreasonable in scope.

5.    Plaintiff objects to each Request as vague or ambiguous to the extent that it fails to describe the information sought with reasonable particularity.

6.    Plaintiff objects to each Request as improper and unreasonable in scope to the extent that it seeks information that is not relevant to the claims or defenses in this litigation or proportionate to the needs of this case.

7.    Plaintiff objects to each Request as unduly burdensome to the extent that it purports to require Plaintiff to provide "all" or "any" documents, materials, or information concerning a particular issue, regardless of whether such information is relevant to the claims or defenses in this Action or

proportional to the needs of this Action.

8.      Plaintiff objects to each Request to the extent that it seeks information that is not in Plaintiff's possession, custody, or control.

9.      Plaintiff objects to each Request to the extent that it seeks information for which Defendant is the custodian of.

10.     Plaintiff objects to each Request to the extent that it seeks material without any limitation to the time period relevant to this Action.

11.     Plaintiff objects to each Request to the extent that it seeks information that is already in the possession, custody, or control of Defendants or can be obtained by other more appropriate means.

12.     Plaintiff objects to each Request to the extent that it seeks only to harass Plaintiff or his experts.

13.     Plaintiff objects to each and every Request to the extent that it seeks information that is protected by employee-union representative privilege and collective bargaining privilege.

14.     Plaintiff objects to each Request and to each Definition and Instruction contained in the Requests to the extent that any such Request, Definition, or Instruction contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this Action. Plaintiff's response to any Request shall not constitute its agreement with or acquiescence to any such description or characterization.

15.     In providing information or materials in response to these Requests, Plaintiff does not concede the admissibility of such information and materials, and reserves the right to seek to exclude such information and materials.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

3

All documents and communications, including those between the Union and its members, concerning the Union's proposed and/or agreed upon individual economic terms and conditions of employment (including, but not limited to, salary, differentials, and welfare fund contributions), set forth in each of the Class Agreements to which the Union is a signatory.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 2:**

All documents and communications, including those between the Union and its members, concerning the process by which an individual with one of the EMS First Responder civil service titles can be eligible for promotion to one of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents that are in the custody and control of Defendants and for which Defendants are the custodians. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 3:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City) concerning any discussion of any EMS First Responder retaining professional qualifications (including, but not limited to, any required accreditation, license, or certification) upon promotion to a Fire First Responder civil service title.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this actions and is not proportional to the needs of the case. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Plaintiff also objects on the basis that this Request is vague and ambiguous to the extent that it refers to "retaining professional qualifications . . . upon promotion." Plaintiff construes this request to mean certifications that Plaintiffs have received. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that they exist.

**DOCUMENT REQUEST NO. 4:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Local Law 19 of 2001.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents which are either not relevant to the claims or defenses in this action or ares in Defendant's custody and control and for which Defendant is the custodian. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 5:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Local Law 18 of 2019.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which are either not relevant to the claims or defenses in this action or are in the custody and control of Defendant and for which Defendant is the custodian. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome and seeks documents which are in Defendants' custody or control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 6:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of the decision in Mayor of City of New York v. Council of City of New York, 6 Misc. 3d 1022(A) (NY Sup. Ct. Jan. 3, 2005).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian of and are in its custody and control, or are not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

6

**DOCUMENT REQUEST NO. 7:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Mayor of City of New York v. Council of City of New York, 38 A.D.3d 89 (1st Dept. 2006).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian of and are in its custody and control, or are not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 8:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Mayor of City of New York v. Council of City of New York, 9 N.Y.3d 23 (2007).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian and are in its custody and control, or are not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 9:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of New York City Council Resolution 1062- 2019A.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian and are in its custody and control, or are not relevant to the claims or defenses in this action. Plaintiff also objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 10:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning the City's position that the Union should receive "civilian pattern percentage compensation increases" in "collective bargaining cycles." (Dkt. No. 8, Complaint at ¶ 104)

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process and other privileges such as collective bargaining privilege. Plaintiff further objects on the basis that it requests documents for which Defendant is the custodian and are in its custody and control or are not relevant. Plaintiff also objects to this Document Request on the grounds that it is overly broad in substantive scope, and unduly burdensome. Subject to and without waiver of these objections, Plaintiff directs Defendants to documents bearing Bates Stamp Nos. LOCAL_2507_002621-002726 and

8

LOCAL_2507_003311.

**DOCUMENT REQUEST NO. 11:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining), concerning the Union's purported position that it is entitled to "uniform pattern percentage compensation increases in collective bargaining cycles." (Dkt. No. 8, Complaint at ¶ 104).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process and other privileges such as collective bargaining privilege. Plaintiff further objects on the basis that it requests documents for which Defendant is the custodian and is its custody and control or are not relevant. Plaintiffs also object to this Document Request on the grounds that it is overly broad in substantive scope, and unduly burdensome. Subject to and without waiver of these objections, Plaintiff directs Defendants to documents bearing Bates Stamp Nos. LOCAL_2507_002621-002726 and LOCAL_2507_003311.

**DOCUMENT REQUEST NO. 12:**

All documents and communications, including those between the Union and its members, concerning any discussions of the Union's decision whether or not to file a Declaration of Impasse with the New York City Office of Collective Bargaining, pursuant to New York City Collective Bargaining Law, N.Y.C. Admin. Code §§ 12-311, with regards to the allegation that the Union is entitled to "uniform pattern percentage compensation increases in collective bargaining cycles," for each of the periods covered by the Class Agreements. (Dkt. No. 8, Complaint at ¶ 104).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further

objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process privilege and other privileges such as the collective bargaining privilege. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents in Defendant's custody or control and for which Defendant is the custodian. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 13:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the individual Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the purported disparity in benefits between any EMS First Responder and any Fire First Responder.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Plaintiff further objects on the basis that Defendant is the custodian of this information and this is information is in its custody and control or is not relevant. Subject to and without waiver of these objections, Plaintiff directs Defendants to documents bearing Bates Stamp Nos. LOCAL_2507_002621-002726; 003311; 002532-002534.

**DOCUMENT REQUEST NO. 14:**
All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the potential change in the Union's members' benefits should they receive "uniform pattern percentage compensation

10

increases." (Dkt. No. 8, Complaint at ¶ 104)

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it is vague and ambiguous to the extent it seeks documents "concerning the potential change" and "benefits" and does not identify any specific time period. Plaintiff further objects on the basis that this Request is overly broad in substantive and temporal scope, unduly burdensome, and seeks documents that are either irrelevant or if relevant in Defendant's custody or control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 15:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the job duties and responsibilities for any of the EMS First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiff directs Defendants to documents bearing Bates Stamp Nos. 002532-002534; 003287.

**DOCUMENT REQUEST NO. 16:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, 9 including any back-up data and any communications related to such documents, concerning the job duties and

responsibilities for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 17:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the similarities and/or differences between the job duties and responsibilities for any of the EMS First Responder civil service titles and the job duties and responsibilities for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiff directs Defendants to documents bearing Bates Stamp Nos. LOCAL_2507_002621-002726.

**DOCUMENT REQUEST NO. 18:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the experience, training, and/or education required to be eligible for any of the EMS First Responder civil service titles.

12

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 19:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the experience, training, and/or education required to be eligible for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 20:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the similarities and/or differences between the experience, training, and/or education required to be eligible for any of the EMS First Responder civil service titles and the experience, training, and/or education required to be eligible for any of the Fire First Responder civil service titles.

13

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that the Request is compound and as such vague and ambiguous. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 21:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining), concerning the final terms of any of the Class Agreements and/or any anticipated vote on whether to accept any proposed version of each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Request on the grounds that it is compound and as such vague and ambiguous. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist. In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 22:**

All communications between or among the Union, other Union Plaintiffs, and/or DC 37, concerning communications to the Union's members about the final terms of any of the Class Agreements and/or

14

any anticipated vote on whether to accept any proposed version of each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Request on the grounds that it is compound and as such vague and ambiguous. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by collective bargaining privilege and union privilege. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist. In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning any advocacy or lobbying efforts by or on behalf of the Union or its members directed at New York City or New York State official(s) concerning economic benefits for EMS First Responders.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive and temporal scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff directs Defendant to documents bearing Bates Stamp Nos. LOCAL_2507_002621-002726.

**DOCUMENT REQUEST NO. 24:**

All documents prepared or obtained by, for, on behalf of, or at the request of the Union, other than any documents the City has provided to the Union, on the civil service examination for any of the EMS First Responder or Fire First Responder civil service titles, including both open competitive and promotional examinations from 2016 to the present.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive and temporal scope and unduly burdensome. Plaintiff further objects to this Request on the grounds that it is compound and as such vague and ambiguous. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 25:**

All minutes prepared and/or maintained by the Union from collective bargaining sessions during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff also objects to this Document Request on the grounds that it seeks documents d that are protected by the First Amendment privilege. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist.  In furtherance of the above Plaintiff objects to producing non-

relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 26:**

All proposals presented by the Union Plaintiffs and/or DC 37 during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is vague and ambiguous. Plaintiff construes this Request to seek final Collective Bargaining Agreements. Plaintiff objects on the basis that this Request is unduly burdensome and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist.   In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 27:**

All studies, reports, analyses, and/or summaries prepared or obtained by, for, on behalf of, or at the request of the Union Plaintiffs and/or DC 37 to support proposals presented by any of the individual Union Plaintiffs and/or DC 37 during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process privilege and other privileges including the collective bargaining privilege and union privilege. Plaintiff

further objects on the basis that this Request is not relevant to the claims or defenses in this action. Plaintiff also objects to this Document Request on the grounds that it is overly broad in substantive scope, unduly burdensome, and seeks documents in Defendant's custody or control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist. In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

## DOCUMENT REQUEST NO. 28:

All documents identified in or relied upon by the Union in responding to Defendant's Second Set of Interrogatories

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST 28

Plaintiff does not have documents responsive to this request.

## DOCUMENT REQUEST 29

All documents not otherwise identified by or responsive to the requests herein upon which the Union intend to rely in whole or in part, directly or indirectly, in connection with any of the allegations or claims in the Complaint.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST 29

Plaintiffs direct Defendants to Plaintiffs' Initial Disclosures Pursuant to FRCP 26(A)(1)(a), dated February 24, 2023. Plaintiffs will continue to supplement this information as it becomes available.

Dated:      New York, New York
            March 28, 2025

                                        By: /s/_____
                                            Yetta Kurland
                                            The Kurland Group
                                            85 Broad Street. 18th Floor
                                            New York, New York 10004

P: (212) 253 6911
F: (212) 614-2532
kurland@kurlandgroup.com

Dave Rankin
Beldock Levine & Hoffman, LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
P: (212) 277-5820
F: (212) 277-5880
E: Drankin@blhyny.com

*Attorneys for Plaintiffs*

CC: All Counsel

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- X

LOCAL 2507, UNIFORMED EMTs, PARAMEDICS &
FIRE INSPECTORS, Individually and on behalf of its
current and former members; LOCAL 3621, EMS
OFFICERS UNION, Individually and on behalf of its
current and former members; NYC EMS SUPERIOR
OFFICERS ASSOCIATION, Individually and on behalf
of its current and former members; TONYA BOYD,
CHRISTELL CADET, MARK CARRASQUILLO,
LIZETTE CLARO, BEVERLY COBB, ALI COUTARD,
SENCIA DATILUS, LAITRICE EDWARDS, ALICIA
ELKADI, RONALD FLOYD, KAHLIA GRAHAM,
RICHARD GUZMAN, MAGGIE HOPE, JASMIN
HOWARD, ANGELA JONES, RAVIVARMAN
KAILAYANATHAN, MELANIE MORENO-
KETCHUM, JENELLE PIERRE, SIMONE QUASHIE,
JASON SAFFON, ALLISON SHAUGHNESSY,
LAURA TORRES, ANDRE VALDEZ, LANCE
WINFIELD, RONALD WOLFE, MARYLOU
AURRICHIO on behalf of themselves and all other
similarly-situated individuals,

                                        Plaintiffs,

                        -against-

CITY OF NEW YORK on behalf of the Fire Department
of the City of New York,

                                        Defendant.

-------------------------------------------------------------------- X

**PLAINTIFF'S OBJECTION
TO DEFENDANTS' SECOND
REQUEST FOR
PRODUCTION OF
DOCUMENTS:**
Case No. 22-cv-10336 (AT)
(GWG)

      Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff responds and

objects to Defendant's Second Request for Documents as follows:

**GENERAL OBJECTIONS**

      All of the general objections set forth herein (the "General Objections") are incorporated in each

of the specific responses to the Document Requests set forth below and have the same force and effect

as if fully set forth therein. Without waiving any of these General Objections to the extent that they apply

1

to each such Request, Plaintiff shall specifically refer to certain General Objections in responding to such Requests.

1.     Plaintiff objects to Defendants' Second Set of Document Requests as a whole on the ground that it is unduly burdensome.

2.     Plaintiff objects to each Request to the extent that it purports to impose obligations inconsistent with, or beyond, those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, any orders entered by the Court in this Action, the Court's Individual Practice Rules, or any other applicable statutes, rules, or law (the "Rules").

3.     Plaintiff objects to each Request to the extent it calls for disclosure of information protected by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity from disclosure. Plaintiff will identify any documents withheld on the basis of privilege as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

4.     Plaintiff objects to each Request to the extent that it is vague, ambiguous, harassing, oppressive, overly broad, unduly burdensome, redundant, or unreasonable in scope.

5.     Plaintiff objects to each Request as vague or ambiguous to the extent that it fails to describe the information sought with reasonable particularity.

6.     Plaintiff objects to each Request as improper and unreasonable in scope to the extent that it seeks information that is not relevant to the claims or defenses in this litigation or proportionate to the needs of this case.

7.     Plaintiff objects to each Request as unduly burdensome to the extent that it purports to require Plaintiff to provide "all" or "any" documents, materials, or information concerning a particular issue, regardless of whether such information is relevant to the claims or defenses in this Action or

2

proportional to the needs of this Action.

8.      Plaintiff objects to each Request to the extent that it seeks information that is not in Plaintiff's possession, custody, or control.

9.      Plaintiff objects to each Request to the extent that it seeks information for which Defendant is the custodian of.

10.     Plaintiff objects to each Request to the extent that it seeks material without any limitation to the time period relevant to this Action.

11.     Plaintiff objects to each Request to the extent that it seeks information that is already in the possession, custody, or control of Defendants or can be obtained by other more appropriate means.

12.     Plaintiff objects to each Request to the extent that it seeks only to harass Plaintiff or his experts.

13.     Plaintiff objects to each and every Request to the extent that it seeks information that is protected by employee-union representative privilege and collective bargaining privilege.

14.     Plaintiff objects to each Request and to each Definition and Instruction contained in the Requests to the extent that any such Request, Definition, or Instruction contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this Action. Plaintiff's response to any Request shall not constitute its agreement with or acquiescence to any such description or characterization.

15.     In providing information or materials in response to these Requests, Plaintiff does not concede the admissibility of such information and materials, and reserves the right to seek to exclude such information and materials.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

All documents and communications, including those between the Union and its members, concerning the Union's proposed and/or agreed upon individual economic terms and conditions of employment (including, but not limited to, salary, differentials, and welfare fund contributions), set forth in each of the Class Agreements to which the Union is a signatory.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 2:**

All documents and communications, including those between the Union and its members, concerning the process by which an individual with one of the EMS First Responder civil service titles can be eligible for promotion to one of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents that are in the custody and control of Defendants and for which Defendants are the custodians. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 3:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City) concerning any discussion of any EMS First Responder retaining professional qualifications (including, but not limited to, any required accreditation, license, or certification) upon promotion to a Fire First Responder civil service title.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this actions and is not proportional to the needs of the case. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Plaintiff also objects on the basis that this Request is vague and ambiguous to the extent that it refers to "retaining professional qualifications . . . upon promotion." Plaintiff construes this request to mean certifications that Plaintiffs have received. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that they exist.

**DOCUMENT REQUEST NO. 4:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Local Law 19 of 2001.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents which are either not relevant to the claims or defenses in this action or are in Defendant's custody and control and for which Defendant is the custodian. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search

5

for these for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 5:

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Local Law 18 of 2019.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents which are either not relevant to the claims or defenses in this action or are in Defendant's custody and control and for which Defendant is the custodian. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome and seeks documents which are in Defendants' custody or control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 6:

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of the decision in Mayor of City of New York v. Council of City of New York, 6 Misc. 3d 1022(A) (NY Sup. Ct. Jan. 3, 2005).

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian of and are in its custody and control, or are not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these

documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 7:

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Mayor of City of New York v. Council of City of New York, 38 A.D.3d 89 (1st Dept. 2006).

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 7:

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian of and are in its custody and control, or are otherwise not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 8:

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Mayor of City of New York v. Council of City of New York, 9 N.Y.3d 23 (2007).

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian and otherwise seeks documents that are not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these

documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 9:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of New York City Council Resolution 1062- 2019A.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian of and are in its custody and control, or are otherwise not relevant to the claims or defenses in this action. Plaintiff also objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 10:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning the City's position that the Union should receive "civilian pattern percentage compensation increases" in "collective bargaining cycles." (Dkt. No. 8, Complaint at ¶ 104)

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process and other privileges such as collective bargaining privilege. Plaintiff further objects on the basis that it requests documents for which Defendant is the custodian and are in its custody and control or are not relevant.  Plaintiff also objects to this Document Request on the grounds that it is overly broad in substantive scope, and unduly burdensome. Subject to and without waiver of these objections, Plaintiff

8

continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 11:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining), concerning the Union's purported position that it is entitled to "uniform pattern percentage compensation increases in collective bargaining cycles." (Dkt. No. 8, Complaint at ¶ 104)

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process and other privileges such as collective bargaining privilege. Plaintiff further objects on the basis that it requests documents for which Defendant is the custodian and is its custody and control or are not relevant.  Plaintiffs also object to this Document Request on the grounds that it is overly broad in substantive scope, and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 12:**

All documents and communications, including those between the Union and its members, concerning any discussions of the Union's decision whether or not to file a Declaration of Impasse with the New York City Office of Collective Bargaining, pursuant to New York City Collective Bargaining Law, N.Y.C. Admin. Code §§ 12-311, with regards to the allegation that the Union is entitled to "uniform pattern percentage compensation increases in collective bargaining cycles," for each of the periods covered by the Class Agreements. (Dkt. No. 8, Complaint at ¶ 104).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or

9

defenses in this action. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process privilege and other privileges such as the collective bargaining privilege. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents in Defendant's custody or control and for which Defendant is the custodian. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 13:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the individual Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the purported disparity in benefits between any EMS First Responder and any Fire First Responder.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Plaintiff further objects on the basis that Defendant is the custodian of this information and this is information is in its custody and control or is not relevant. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 14:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the potential change in the Union's members' benefits should they receive "uniform pattern percentage compensation increases." (Dkt. No. 8, Complaint at ¶ 104)

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it is vague and ambiguous to the extent it seeks documents "concerning the potential change" and "benefits" and does not identify any specific time period. Plaintiff further objects on the basis that this Request is overly broad in substantive and temporal scope, unduly burdensome, and seeks documents that are either irrelevant or if relevant in Defendant's custody or control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 15:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the job duties and responsibilities for any of the EMS First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 16:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, 9 including any back-up data and any communications related to such documents, concerning the job duties and responsibilities for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 17:

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the similarities and/or differences between the job duties and responsibilities for any of the EMS First Responder civil service titles and the job duties and responsibilities for any of the Fire First Responder civil service titles.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 17:

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 18:

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the experience, training, and/or education required to be eligible for any of the EMS First Responder civil service titles.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 18:

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further

objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 19:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the experience, training, and/or education required to be eligible for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 20:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the similarities and/or differences between the experience, training, and/or education required to be eligible for any of the EMS First Responder civil service titles and the experience, training, and/or education required to be eligible for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO.  20:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further

13

objects to this Document Request on the grounds that the Request is compound and as such vague and ambiguous.  Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 21:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining), concerning the final terms of any of the Class Agreements and/or any anticipated vote on whether to accept any proposed version of each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO.  21:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Request on the grounds that it is compound and as such vague and ambiguous. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist. In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 22:**

All communications between or among the Union, other Union Plaintiffs, and/or DC 37, concerning communications to the Union's members about the final terms of any of the Class Agreements and/or any anticipated vote on whether to accept any proposed version of each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO.  22:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Request on the grounds that it is compound and as such vague and ambiguous. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by collective bargaining privilege and union privilege. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning any advocacy or lobbying efforts by or on behalf of the Union or its members directed at New York City or New York State official(s) concerning economic benefits for EMS First Responders.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive and temporal scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 24:**

All documents prepared or obtained by, for, on behalf of, or at the request of the Union, other than any documents the City has provided to the Union, on the civil service examination for any of the EMS First

Responder or Fire First Responder civil service titles, including both open competitive and promotional examinations from 2016 to the present.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and temporal scope and unduly burdensome. Plaintiff further objects to this Request on the grounds that it is compound and as such vague and ambiguous. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 25:**

All minutes prepared and/or maintained by the Union from collective bargaining sessions during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff also objects to this Document Request on the grounds that it seeks documents that are protected by the First Amendment privilege. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist. In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

16

**DOCUMENT REQUEST NO. 26:**

All proposals presented by the Union Plaintiffs and/or DC 37 during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is vague and ambiguous. Plaintiff construes this Request to seek final Collective Bargaining Agreements. Plaintiff objects on the basis that this Request is unduly burdensome and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 27:**

All studies, reports, analyses, and/or summaries prepared or obtained by, for, on behalf of, or at the request of the Union Plaintiffs and/or DC 37 to support proposals presented by any of the individual Union Plaintiffs and/or DC 37 during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process privilege and other privileges including the collective bargaining privilege and union privilege. Plaintiff further objects on the basis that this Request is not relevant.  Plaintiff also objects to this Document Request on the grounds that it is overly broad in substantive scope, unduly burdensome, and seeks

17

documents in Defendant's custody or control. Subject to and without waiver of these objections, Plaintiff

continues to search for these documents and will produce them to the extent that such documents exist.

In furtherance of the above Plaintiff objects to producing non-relevant union communications with its

members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 28:**

All documents identified in or relied upon by the Union in responding to Defendant's Second Set of

Interrogatories

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST 28**

Plaintiff does not have documents responsive to this request.

**DOCUMENT REQUEST 29**

All documents not otherwise identified by or responsive to the requests herein upon which the Union

intend to rely in whole or in part, directly or indirectly, in connection with any of the allegations or

claims in the Complaint.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST 29**

Plaintiffs direct Defendants to Plaintiffs' Initial Disclosures Pursuant to FRCP 26(A)(1)(a), dated

February 24, 2023. Plaintiffs will continue to supplement this information as it becomes available.

Dated:  New York, New York
        March 28, 2025

By: /s/_____
    Yetta Kurland
    The Kurland Group
    85 Broad Street, 18th Floor
    New York, New York 10004
    P: (212) 253 6911
    F: (212) 614-2532
    kurland@kurlandgroup.com

    Dave Rankin
    Beldock Levine & Hoffman, LLP
    99 Park Avenue, PH/26th Floor
    New York, New York 10016

P: (212) 277-5820
F: (212) 277-5880
E: Drankin@blhyny.com

*Attorneys for Plaintiff*

CC: All Counsel

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X

LOCAL 2507, UNIFORMED EMTs, PARAMEDICS &
FIRE INSPECTORS, Individually and on behalf of its
current and former members; LOCAL 3621, EMS
OFFICERS UNION, Individually and on behalf of its
current and former members; NYC EMS SUPERIOR
OFFICERS ASSOCIATION, Individually and on behalf
of its current and former members; TONYA BOYD,
CHRISTELL CADET, MARK CARRASQUILLO,
LIZETTE CLARO, BEVERLY COBB, ALI COUTARD,
SENCIA DATILUS, LAITRICE EDWARDS, ALICIA
ELKADI, RONALD FLOYD, KAHLIA GRAHAM,
RICHARD GUZMAN, MAGGIE HOPE, JASMIN
HOWARD, ANGELA JONES, RAVIVARMAN
KAILAYANATHAN, MELANIE MORENO-
KETCHUM, JENELLE PIERRE, SIMONE QUASHIE,
JASON SAFFON, ALLISON SHAUGHNESSY,
LAURA TORRES, ANDRE VALDEZ, LANCE
WINFIELD, RONALD WOLFE, MARYLOU
AURRICHIO on behalf of themselves and all other
similarly-situated individuals,

                                        Plaintiffs,


                        -against-


CITY OF NEW YORK on behalf of the Fire Department
of the City of New York,

                                        Defendant.

------------------------------------------------------------------- X

**PLAINTIFF'S OBJECTION
TO DEFENDANTS' SECOND
REQUEST FOR
PRODUCTION OF
DOCUMENTS:**
Case No. 22-cv-10336 (AT)
(GWG)

      Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff responds and

objects to Defendant's Second Request for Documents as follows:

## GENERAL OBJECTIONS

      All of the general objections set forth herein (the "General Objections") are incorporated in each

of the specific responses to the Document Requests set forth below and have the same force and effect

as if fully set forth therein. Without waiving any of these General Objections to the extent that they apply

1

to each such Request, Plaintiff shall specifically refer to certain General Objections in responding to such Requests.

1.      Plaintiff objects to Defendants' Second Set of Document Requests as a whole on the ground that it is unduly burdensome.

2.      Plaintiff objects to each Request to the extent that it purports to impose obligations inconsistent with, or beyond, those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, any orders entered by the Court in this Action, the Court's Individual Practice Rules, or any other applicable statutes, rules, or law (the "Rules").

3.      Plaintiff objects to each Request to the extent it calls for disclosure of information protected by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity from disclosure. Plaintiff will identify any documents withheld on the basis of privilege as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

4.      Plaintiff objects to each Request to the extent that it is vague, ambiguous, harassing, oppressive, overly broad, unduly burdensome, redundant, or unreasonable in scope.

5.      Plaintiff objects to each Request as vague or ambiguous to the extent that it fails to describe the information sought with reasonable particularity.

6.      Plaintiff objects to each Request as improper and unreasonable in scope to the extent that it seeks information that is not relevant to the claims or defenses in this litigation or proportionate to the needs of this case.

7.      Plaintiff objects to each Request as unduly burdensome to the extent that it purports to require Plaintiff to provide "all" or "any" documents, materials, or information concerning a particular issue, regardless of whether such information is relevant to the claims or defenses in this Action or

2

proportional to the needs of this Action.

8.    Plaintiff objects to each Request to the extent that it seeks information that is not in Plaintiff's possession, custody, or control.

9.    Plaintiff objects to each Request to the extent that it seeks information for which Defendant is the custodian of.

10.    Plaintiff objects to each Request to the extent that it seeks material without any limitation to the time period relevant to this Action.

11.    Plaintiff objects to each Request to the extent that it seeks information that is already in the possession, custody, or control of Defendants or can be obtained by other more appropriate means.

12.    Plaintiff objects to each Request to the extent that it seeks only to harass Plaintiff or his experts.

13.    Plaintiff objects to each and every Request to the extent that it seeks information that is protected by employee-union representative privilege and collective bargaining privilege.

14.    Plaintiff objects to each Request and to each Definition and Instruction contained in the Requests to the extent that any such Request, Definition, or Instruction contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this Action. Plaintiff's response to any Request shall not constitute its agreement with or acquiescence to any such description or characterization.

15.    In providing information or materials in response to these Requests, Plaintiff does not concede the admissibility of such information and materials, and reserves the right to seek to exclude such information and materials.

## DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

All documents and communications, including those between the Union and its members, concerning the Union's proposed and/or agreed upon individual economic terms and conditions of employment (including, but not limited to, salary, differentials, and welfare fund contributions), set forth in each of the Class Agreements to which the Union is a signatory.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff directs Defendants to documents bearing Bates Stamp Nos. 003288-003310.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

## DOCUMENT REQUEST NO. 2:

All documents and communications, including those between the Union and its members, concerning the process by which an individual with one of the EMS First Responder civil service titles can be eligible for promotion to one of the Fire First Responder civil service titles.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents that are in the custody and control of Defendants and for which Defendants are the custodians. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 3:

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City) concerning any discussion of any EMS First Responder retaining professional qualifications (including, but not limited to, any required accreditation, license, or certification) upon promotion to a Fire First Responder civil service title.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this actions and is not proportional to the needs of the case. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Plaintiff also objects on the basis that this Request is vague and ambiguous to the extent that it refers to "retaining professional qualifications . . . upon promotion." Plaintiff construes this request to mean certifications that Plaintiffs have received. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that they exist.

**DOCUMENT REQUEST NO. 4:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Local Law 19 of 2001.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents which are either not relevant to the claims or defenses in this action or ares in Defendant's custody and control and for which Defendant is the custodian. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 5:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of Local Law 18 of 2019.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which are either not relevant to the claims or defenses in this action or are in the custody and control of Defendant and for which Defendant is the custodian. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome and seeks documents which are in Defendants' custody or control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 6:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of the decision in Mayor of City of New York v. Council of City of New York, 6 Misc. 3d 1022(A) (NY Sup. Ct. Jan. 3, 2005).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian of and are in its custody and control, or are not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 7:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of *Mayor of City of New York v. Council of City of New York*, 38 A.D.3d 89 (1st Dept. 2006).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian of and are in its custody and control, or are not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 8:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of *Mayor of City of New York v. Council of City of New York*, 9 N.Y.3d 23 (2007).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian and are in its custody and control, or are not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 9:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning any discussion by the Union of New York City Council Resolution 1062- 2019A.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it seeks documents for which Defendant is the custodian and are in its custody and control, or are not relevant to the claims or defenses in this action. Plaintiff also objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 10:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining) concerning the City's position that the Union should receive "civilian pattern percentage compensation increases" in "collective bargaining cycles." (Dkt. No. 8, Complaint at ¶ 104)

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process and other privileges such as collective bargaining privilege. Plaintiff further objects on the basis that it requests documents for which Defendant is the custodian and are in its custody and control or are not relevant. Plaintiff also objects to this Document Request on the grounds that it is overly broad in substantive scope, and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

8

**DOCUMENT REQUEST NO. 11:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining), concerning the Union's purported position that it is entitled to "uniform pattern percentage compensation increases in collective bargaining cycles." (Dkt. No. 8, Complaint at ¶ 104)

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process and other privileges such as collective bargaining privilege. Plaintiff further objects on the basis that it requests documents for which Defendant is the custodian and is its custody and control or are not relevant. Plaintiffs also object to this Document Request on the grounds that it is overly broad in substantive scope, and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 12:**

All documents and communications, including those between the Union and its members, concerning any discussions of the Union's decision whether or not to file a Declaration of Impasse with the New York City Office of Collective Bargaining, pursuant to New York City Collective Bargaining Law, N.Y.C. Admin. Code §§ 12-311, with regards to the allegation that the Union is entitled to "uniform pattern percentage compensation increases in collective bargaining cycles," for each of the periods covered by the Class Agreements. (Dkt. No. 8, Complaint at ¶ 104).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff also objects to this Document Request on the grounds that it seeks

information protected by deliberative process privilege and other privileges such as the collective bargaining privilege. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents in Defendant's custody or control and for which Defendant is the custodian. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 13:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the individual Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the purported disparity in benefits between any EMS First Responder and any Fire First Responder.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Plaintiff further objects on the basis that Defendant is the custodian of this information and this is information is in its custody and control or is not relevant. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 14:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the potential change in the Union's members' benefits should they receive "uniform pattern percentage compensation increases." (Dkt. No. 8, Complaint at ¶ 104)

10

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it is vague and ambiguous to the extent it seeks documents "concerning the potential change" and "benefits" and does not identify any specific time period. Plaintiff further objects on the basis that this Request is overly broad in substantive and temporal scope, unduly burdensome, and seeks documents that are either irrelevant or if relevant in Defendant's custody or control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 15:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the job duties and responsibilities for any of the EMS First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 16:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, 9 including any back-up data and any communications related to such documents, concerning the job duties and responsibilities for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, 9 including any back-up data and any communications related to such documents, concerning the job duties and responsibilities for any of the Fire First Responder civil service titles.

**DOCUMENT REQUEST NO. 17:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the similarities and/or differences between the job duties and responsibilities for any of the EMS First Responder civil service titles and the job duties and responsibilities for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 18:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the experience, training, and/or education required to be eligible for any of the EMS First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further

objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 19:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the experience, training, and/or education required to be eligible for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome, and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 20:**

All documents (including, but not limited to, all reports, analyses, and/or summaries), prepared or obtained by, for, on behalf of, or at the request of any of the Union Plaintiffs and/or DC 37, including any back-up data and any communications related to such documents, concerning the similarities and/or differences between the experience, training, and/or education required to be eligible for any of the EMS First Responder civil service titles and the experience, training, and/or education required to be eligible for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further

13

objects to this Document Request on the grounds that the Request is compound and as such vague and ambiguous.  Plaintiff further objects on the basis that this Request is overly broad in substantive scope, unduly burdensome and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 21:**

All documents and communications (including, but not limited to, between the Union and its members, the Union and press or media, and the Union and the City during collective bargaining), concerning the final terms of any of the Class Agreements and/or any anticipated vote on whether to accept any proposed version of each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO.  21:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Request on the grounds that it is compound and as such vague and ambiguous. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff directs Defendants to documents bearing Bates Stamp Nos. 003288-003310.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 22:**

All communications between or among the Union, other Union Plaintiffs, and/or DC 37, concerning communications to the Union's members about the final terms of any of the Class Agreements and/or any anticipated vote on whether to accept any proposed version of each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO.  22:**

14

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Request on the grounds that it is compound and as such vague and ambiguous. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by collective bargaining privilege and union privilege. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning any advocacy or lobbying efforts by or on behalf of the Union or its members directed at New York City or New York State official(s) concerning economic benefits for EMS First Responders.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff further objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive and temporal scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 24:**

All documents prepared or obtained by, for, on behalf of, or at the request of the Union, other than any documents the City has provided to the Union, on the civil service examination for any of the EMS First

Responder or Fire First Responder civil service titles, including both open competitive and promotional examinations from 2016 to the present.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is overly broad in substantive and temporal scope and unduly burdensome. Plaintiff further objects to this Request on the grounds that it is compound and as such vague and ambiguous. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 25:**

All minutes prepared and/or maintained by the Union from collective bargaining sessions during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff also objects to this Document Request on the grounds that it seeks documents d that are protected by the First Amendment privilege. Plaintiff further objects on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiff continues to search for these for these documents and will produce them to the extent that such documents exist.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 26:**

All proposals presented by the Union Plaintiffs and/or DC 37 during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiff further objects on the basis that this Request is vague and ambiguous. Plaintiff construes this Request to seek final Collective Bargaining Agreements. Plaintiff objects on the basis that this Request is unduly burdensome and seeks documents for which Defendant is the custodian and are in its custody and control. Subject to and without waiver of these objections, Plaintiff directs Defendants to documents bearing Bates Stamp Nos. 003288-003310.  In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

**DOCUMENT REQUEST NO. 27:**

All studies, reports, analyses, and/or summaries prepared or obtained by, for, on behalf of, or at the request of the Union Plaintiffs and/or DC 37 to support proposals presented by any of the individual Union Plaintiffs and/or DC 37 during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Plaintiff objects to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that it seeks information protected by deliberative process privilege. Plaintiff further objects on the basis that this Request is not relevant.  Plaintiff also objects to this Document Request on the grounds that it is overly broad in substantive scope, unduly burdensome, and seeks documents in Defendant's custody or control. Subject to and without waiver of these objections, Plaintiff continues to search for these documents and will produce them to the extent that

17

such documents exist.   In furtherance of the above Plaintiff objects to producing non-relevant union communications with its members, non-relevant union records and non-relevant materials used for contract negotiations.

## DOCUMENT REQUEST NO. 28:

All documents identified in or relied upon by the Union in responding to Defendant's Second Set of Interrogatories

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST 28

Plaintiff does not have documents responsive to this request.

## DOCUMENT REQUEST 29

All documents not otherwise identified by or responsive to the requests herein upon which the Union intend to rely in whole or in part, directly or indirectly, in connection with any of the allegations or claims in the Complaint.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST 29

Plaintiffs direct Defendants to Plaintiffs' Initial Disclosures Pursuant to FRCP 26(A)(1)(a), dated February 24, 2023. Plaintiffs will continue to supplement this information as it becomes available.

Dated:          New York, New York
                March 28, 2025

                                              By: /s/_____
                                                  Yetta Kurland
                                                  The Kurland Group
                                                  85 Broad Street. 18th Floor
                                                  New York, New York 10004
                                                  P: (212) 253 6911
                                                  kurland@kurlandgroup.com

                                                  Dave Rankin
                                                  Beldock Levine & Hoffman, LLP
                                                  99 Park Avenue, PH/26th Floor
                                                  New York, New York 10016
                                                  P: (212) 277-5820
                                                  F: (212) 277-5880
                                                  E: Drankin@blhyny.com

*Attorneys for Plaintiff*

CC: All Counsel

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- X

LOCAL 2507, UNIFORMED EMTs, PARAMEDICS &
FIRE INSPECTORS, Individually and on behalf of its
current and former members; LOCAL 3621, EMS
OFFICERS UNION, Individually and on behalf of its
current and former members; NYC EMS SUPERIOR
OFFICERS ASSOCIATION, Individually and on behalf
of its current and former members; TONYA BOYD,
CHRISTELL CADET, MARK CARRASQUILLO,
LIZETTE CLARO, BEVERLY COBB, ALI COUTARD,
SENCIA DATILUS, LAITRICE EDWARDS, ALICIA
ELKADI, RONALD FLOYD, KAHLIA GRAHAM,
RICHARD GUZMAN, MAGGIE HOPE, JASMIN
HOWARD, ANGELA JONES, RAVIVARMAN
KAILAYANATHAN, MELANIE MORENO-
KETCHUM, JENELLE PIERRE, SIMONE QUASHIE,
JASON SAFFON, ALLISON SHAUGHNESSY,
LAURA TORRES, ANDRE VALDEZ, LANCE
WINFIELD, RONALD WOLFE, MARYLOU
AURRICHIO on behalf of themselves and all other
similarly-situated individuals,

Plaintiffs,

-against-

CITY OF NEW YORK on behalf of the Fire Department
of the City of New York,

Defendant.

------------------------------------------------------------------- X

**PLAINTIFFS' OBJECTIONS
TO DEFENDANT'S SECOND
REQUEST FOR
PRODUCTION OF
DOCUMENTS:**
Case No. 22-cv-10336 (AT)
(GWG)

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiffs respond and

object to Defendant's Second Request for Documents as follows:

**GENERAL OBJECTIONS**

All of the general objections set forth herein (the "General Objections") are incorporated in each

of the specific responses to the Document Requests set forth below and have the same force and effect

as if fully set forth therein. Without waiving any of these General Objections to the extent that they apply

- 1 -

to each such Request, Plaintiff shall specifically refer to certain General Objections in responding to such Requests.

1.    Plaintiff objects to Defendants' First Set of Document Requests as a whole on the ground that it is unduly burdensome.

2.    Plaintiff objects to each Request to the extent that it purports to impose obligations inconsistent with, or beyond, those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern and Eastern Districts of New York, any orders entered by the Court in this Action, the Court's Individual Practice Rules, or any other applicable statutes, rules, or law (the "Rules").

3.    Plaintiff objects to each Request to the extent it calls for disclosure of information protected by the attorney-client privilege or the work product doctrine, or any other applicable privilege or immunity from disclosure. Plaintiff will identify any documents withheld on the basis of privilege as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

4.    Plaintiff objects to each Request to the extent that it is vague, ambiguous, harassing, oppressive, overly broad, unduly burdensome, redundant, or unreasonable in scope.

5.    Plaintiff objects to each Request as vague or ambiguous to the extent that it fails to describe the information sought with reasonable particularity.

6.    Plaintiff objects to each Request as improper and unreasonable in scope to the extent that it seeks information that is not relevant to the claims or defenses in this litigation or proportionate to the needs of this case.

7.    Plaintiff objects to each Request as unduly burdensome to the extent that it purports to require Plaintiff to provide "all" or "any" documents, materials, or information concerning a particular issue, regardless of whether such information is relevant to the claims or defenses in this Action or

- 2 -

proportional to the needs of this Action.

8.      Plaintiff objects to each Request to the extent that it seeks information that is not in Plaintiff's possession, custody, or control.

9.      Plaintiff objects to each Request to the extent that it seeks information for which Defendant is the custodian of.

10.      Plaintiff objects to each Request to the extent that it seeks material without any limitation to the time period relevant to this Action.

11.      Plaintiff objects to each Request to the extent that it seeks information that is already in the possession, custody, or control of Defendants or can be obtained by other more appropriate means.

12.      Plaintiff objects to each Request to the extent that it seeks only to harass Plaintiff or his experts.

13.      Plaintiff objects to each and every Request to the extent that it seeks information that is protected by employee-union representative privilege and collective bargaining privilege.

14.      Plaintiff objects to each Request and to each Definition and Instruction contained in the Requests to the extent that any such Request, Definition, or Instruction contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this Action. Plaintiff's response to any Request shall not constitute its agreement with or acquiescence to any such description or characterization.

15.      In providing information or materials in response to these Requests, Plaintiff does not concede the admissibility of such information and materials, and reserves the right to seek to exclude such information and materials.

## **DOCUMENT REQUESTS**

## **DOCUMENT REQUEST NO. 1:**

All documents and communications, between You and any other individual, concerning individual economic terms and conditions of employment (including, but not limited to, salary, differentials, and welfare fund contributions), proposed or agreed upon by any of the Union Plaintiffs as set forth in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs also object to this Document Request on the grounds that it seeks documents that Defendant is the custodian of and are in its custody and control or are not relevant to the claims or defenses in this action. Plaintiffs further object on the basis that this Request is overly broad in substantive scope and unduly burdensome in that it requests "All documents and communications, between… any… individual." Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 2:**

All documents and communications, between You and any other individual, concerning the process by which an individual with one of the EMS First Responder civil service titles (including, but not limited to You) can be eligible for promotion to one of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs further object to this Document Request on the basis that it is vague and ambiguous. To the extent Defendant is asking for documents concerning the eligibility standards for promotion, Plaintiffs object on the basis it seeks documents that are in the custody and control of Defendant and for which Defendant is the custodian. Plaintiffs further object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

- 4 -

**DOCUMENT REQUEST NO. 3:**

All documents and communications (including, but not limited to, between You and a Union Plaintiff, You and press or media, and You and the City) concerning any discussion of any EMS First Responder retaining professional qualifications (including, but not limited to, any required accreditation, license, or certification) upon promotion to a Fire First Responder civil service title.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs further object to this Document Request on the grounds that as understood, it seeks documents not relevant to the claims or defenses in this actions and is not proportional to the needs of the case. Plaintiffs further object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Plaintiffs also object on the basis that this Request is vague and ambiguous to the extent that it refers to "retaining professional qualifications . . . upon promotion." Plaintiffs construe this request to mean certificates that Plaintiffs have received. Subject to and without waiver of these objections, Plaintiffs direct Defendants to documents bearing Bates Stamp Nos. 002538-42; 002546-47; 002581-83; 002606-11; 002727-32.

**DOCUMENT REQUEST NO. 4:**

All documents and communications (including, but not limited to, between You and a Union Plaintiff, You and press or media, and You and the City) concerning any discussion of Local Law 19 of 2001.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs also object to this Document Request on the grounds that Plaintiffs own communications or opinions concerning Local Law 19 of 2001 are irrelevant to the claims or defenses in this case. To the extent that the Defendant is asking for communications with Defendant concerning Local Law 19, it seeks documents that are in the custody and control of Defendant and for which Defendant is the custodians. Plaintiffs

- 5 -

further object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 5:

All documents and communications (including, but not limited to, between You and a Union Plaintiff, You and press or media, and You and the City) concerning any discussion of Local Law 18 of 2019.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs also object to this Document Request on the grounds that Plaintiffs own communications or opinions concerning Local Law 18 of 2019 are irrelevant to the claims or defenses in this case. To the extent that the Defendant is asking for communications with Defendant concerning Local Law 19, it seeks documents that are in the custody and control of Defendant and for which Defendant is the custodian. Plaintiffs further object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs continue to search for these for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 6:

All documents and communications (including, but not limited to, between You and a Union Plaintiff, You and press or media, and You and the City) concerning any discussion of the decision in Mayor of City of New York v. Council of City of New York, 6 Misc. 3d 1022(A) (NY Sup. Ct. Jan. 3, 2005).

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that Plaintiffs own communications or opinions regarding the referenced decision are not relevant to the claims or defenses in this case. To the extent that Defendant seeks documents or communications with Defendant regarding this decision, it seeks documents for

- 6 -

which Defendant is the custodian of and which are in its custody and control. Plaintiffs further object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 7:**

All documents and communications (including, but not limited to, between You and a Union Plaintiff, You and press or media, and You and the City) concerning any discussion of Mayor of City of New York v. Council of City of New York, 38 A.D.3d 89 (1st Dept. 2006).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that Plaintiffs own communications or opinions regarding the referenced decision are not relevant to the claims or defenses in this case. To the extent that Defendant seeks documents or communications with Defendant it seeks documents for which Defendant is the custodian and which are in its custody and control. Plaintiffs further object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 8:**

All documents and communications (including, but not limited to, between You and a Union Plaintiff, You and press or media, and You and the City) concerning any discussion of Mayor of City of New York v. Council of City of New York, 9 N.Y.3d 23 (2007).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiff also objects to this Document Request on the grounds that Plaintiffs own communications or opinions regarding the

referenced decision are not relevant to the claims or defenses in this case. To the extent that Defendant seeks documents or communications with the Defendant, it seeks documents for which Defendant is the custodian of. Plaintiffs further object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 9:

All documents and communications (including, but not limited to, between You and a Union Plaintiff, You and press or media, and You and the City) concerning any discussion of New York City Council Resolution 1062-2019A.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 9:

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs also object to this Document Request on the grounds that Plaintiffs own communications or opinions regarding Resolution 1062-2019A are not relevant to the claims or defenses in this case. To the extent that Defendant seeks other documents or communications with Defendant, it seeks documents for which Defendant is the custodian and are in its custody and control. Plaintiffs further object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

## DOCUMENT REQUEST NO. 10:

All documents and communications (including, but not limited to, between You and a Union Plaintiff, You and press or media, and You and the City) concerning the City's position that the EMS First Responders should receive "civilian pattern percentage compensation increases" in "collective bargaining cycles." (Dkt. No. 8, Complaint at ¶ 104)

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 10:

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs also object to this Document Request on the grounds that it seeks information protected by deliberative process privilege and other privileges including the collective bargaining privilege and the employee-union representative privilege. Plaintiffs also object to this document request on the grounds that Plaintiffs' own communications or opinions regarding the Defendant's position are not relevant to the claims or defenses in this case. To the extent Defendant seeks documents or communications with Defendant Plaintiffs further object on the basis that it requests documents for which Defendant is the custodian and which are in its custody and control. Plaintiffs further object to this Document Request on the grounds that it is overly broad in substantive scope, and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs direct Defendant to documents bearing Bates Stamp Nos. LOCAL_2507_2615-2620; 003288-3310.

## DOCUMENT REQUEST NO. 11:

All documents and communications (including, but not limited to, between You and a Union Plaintiff, You and press or media, and You and the City), concerning the Union Plaintiffs' purported position that EMS First Responders are entitled to "uniform pattern percentage compensation increases in collective bargaining cycles." (Dkt. No. 8, Complaint at ¶ 104)

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs also object to this document request on the grounds that it is speculative, vague and ambiguous as it calls for Plaintiffs to provide documents and communications regarding a "purported" position. Plaintiffs further object on the basis that it requests documents and communications for which Defendant is the custodian and which are in its custody and control. Plaintiffs further object to this Document Request on the basis that it is overly broad in substantive and temporal scope, and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs direct Defendant to documents bearing Bates Stamp

- 9 -

Nos. LOCAL_2507_2615-2620; 003288-3310.

## DOCUMENT REQUEST NO. 12:

All documents and communications between You and any other individual, concerning any discussions of a Union Plaintiff's decision whether or not to file a Declaration of Impasse with the New York City Office of Collective Bargaining, pursuant to New York City Collective Bargaining Law, N.Y.C. Admin. Code §§ 12-311, with regards to the allegation that EMS First 8 Responders are entitled to "uniform pattern percentage compensation increases in collective bargaining cycles," for each of the periods covered by the Class Agreements. (Dkt. No. 8, Complaint at ¶ 104).

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 12:

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs further object to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action.   Plaintiffs further object to this Document Request as overly broad in substantive and temporal scope, and unduly burdensome, including a request for "All documents and communications between You and any other individual, concerning any discussions…" Subject to and without waiver of these objections, Plaintiffs do not have any documents that are responsive to this request.

## DOCUMENT REQUEST NO. 13:

All documents (including, but not limited to, all reports, analyses, and/or summaries) concerning the purported disparity in benefits between any EMS First Responder and any Fire First Responder.

## OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 13:

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs also object to this Document Request on the basis that as worded it is overly broad in substantive scope and unduly burdensome. Plaintiffs further object to this Document Request on the basis that Defendant is the custodian of this information and it is in its custody and control. Subject to and without waiver of

- 10 -

these objections, Plaintiffs Plaintiffs direct Defendant to documents bearing Bates Stamp Nos. LOCAL_2507_2615-2620;

**DOCUMENT REQUEST NO. 14:**

All documents (including, but not limited to, all reports, analyses, and/or summaries) concerning the potential change in the Union Plaintiffs' members' benefits should they receive "uniform pattern percentage compensation increases." (Dkt. No. 8, Complaint at ¶ 104).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs further object to this Document Request on the grounds that it is vague and ambiguous and calls for speculation to the extent it seeks documents "concerning the potential change" and "benefits" and does not identify any specific time period. Plaintiffs further object to this Document Request on the basis that it is overly broad in substantive and temporal scope, unduly burdensome, and seeks documents in Defendant's custody or control. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 15:**

All documents (including, but not limited to, all reports, analyses, and/or summaries) concerning the job duties and responsibilities for any of the EMS First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs also object on the basis that this Document Request as worded is overly broad in substantive scope, and unduly burdensome. Plaintiffs further object to this Document Request on the basis that it seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiffs directs Defendant to documents bearing Bates Stamp Nos. LOCAL_2507_002536-2537; 002543; 002544-2545; 002612-002614; 002734; 002733; 003288-

003310.

**DOCUMENT REQUEST NO. 16:**

All documents (including, but not limited to, all reports, analyses, and/or summaries) concerning the job duties and responsibilities for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs also object on the basis that this Document Request as worded is overly broad in substantive scope, and unduly burdensome.  Plaintiffs further object to this Document Request on the basis that it seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiffs direct Defendant to documents bearing Bates Stamp Nos. LOCAL_2507_002548-2551; 002556-2558; 002565-2575; 002587-2588; 003288-3310.

**DOCUMENT REQUEST NO. 17:**

All documents (including, but not limited to, all reports, analyses, and/or summaries) concerning the similarities and/or differences between the job duties and responsibilities for any of the EMS First Responder civil service titles and the job duties and responsibilities for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs also object on the basis that this Document Request as worded is overly broad in substantive scope, and unduly burdensome.  Plaintiffs further object to this Document Request on the basis that it seeks documents for which Defendant is the custodian and which are in its custody and control.  Subject to and without waiver of these objections, Plaintiffs direct Defendant to documents bearing Bates Stamp Nos. 003288-3310.

**DOCUMENT REQUEST NO. 18:**

All documents (including, but not limited to, all reports, analyses, and/or summaries) concerning the experience, training, and/or education required to be eligible for any of the EMS First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs also object on the basis that this Document Request as worded is overly broad in substantive scope, and unduly burdensome.  Plaintiffs further object to this Document Request on the basis that it seeks documents for which Defendant is the custodian and which are in its custody and control.  Subject to and without waiver of these objections, Plaintiffs direct Defendant to documents bearing Bates Stamp Nos. 002538-42; 002546-47; 002581-83; 002606-11; 002727-32; 002552-2555; 002559-2564; 002584-2586.

**DOCUMENT REQUEST NO. 19:**

All documents (including, but not limited to, all reports, analyses, and/or summaries) concerning the experience, training, and/or education required to be eligible for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs also object on the basis that this Document Request as worded is overly broad in substantive scope, and unduly burdensome.  Plaintiffs further object to this Document Request on the basis that it seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 20:**

All documents (including, but not limited to, all reports, analyses, and/or summaries) concerning the similarities and/or differences between the experience, training, and/or education required to be eligible for any of the EMS First Responder civil service titles and the experience, training, and/or education required to be eligible for any of the Fire First Responder civil service titles.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs further object on the basis that this Request is compound, vague and ambiguous. Plaintiffs also object on the basis that this Document Request as worded is overly broad in substantive scope, and unduly burdensome. Plaintiffs further object to this Document Request on the basis that it seeks documents for which Defendant is the custodian and which are in its custody and control. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 21:**

All documents and communications concerning the final terms of any of the Class Agreements and/or any anticipated vote on whether to accept any proposed version of each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs further object to this Document Request on the grounds that it is compound, vague and ambiguous. Plaintiff also objections to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiffs also objects to this Document Request on the grounds that it seeks information protected by the collective bargaining privilege and the employee-union representative privilege. Plaintiffs additionally object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs

continue to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 22:**

All documents and communications between You and any other individual, concerning the final terms of any of the Class Agreements and/or any anticipated vote on whether to accept any proposed version of each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs further object to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiffs also object to this Document Request on the grounds that it seeks information protected by collective bargaining privilege and the employee-union representative privilege. Plaintiffs additionally object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs continue to search for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning any advocacy or lobbying efforts by or on behalf of the Union Plaintiffs, DC 37, their members, or You directed at New York City or New York State official(s) concerning economic benefits for EMS First Responders.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Plaintiffs object to this Request based upon the General Objections set forth above. Plaintiffs further object to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action. Plaintiffs additionally object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs direct Defendant to documents bearing Bates Stamp Nos. 003288-003310.

**DOCUMENT REQUEST NO. 24:**

All documents concerning the civil service examination for any of the EMS First Responder or Fire First Responder civil service titles, including both open competitive and promotional examinations from 2016 to the present (including, but not limited to, concerning any such civil service examinations in which You participated).

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs also object to this Document Request on the grounds that as written it seeks documents not relevant to the claims or defenses in this action. Plaintiffs further object to this Document Request on the grounds that it is compound, vague and ambiguous. Plaintiffs additionally object to this Document Request on the basis that this Request is overly broad in substantive scope and unduly burdensome.  Plaintiffs further object to this Document Request on the basis it seeks documents in the custody and control of Defendant for which Defendant is the custodian.  Subject to and without waiver of these objections, Plaintiffs continue to search for these for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 25:**

All studies, reports, analyses, and/or summaries prepared or obtained by, for, on behalf of, or at the request of, or received or obtained from the Union Plaintiffs and/or DC 37 to support proposals presented by any of the individual Union Plaintiffs and/or DC 37 during the "collective bargaining cycles" (Complaint ¶ 104) that resulted in each of the Class Agreements.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs also object to this Document Request on the grounds that it seeks documents not relevant to the claims or defenses in this action.  Plaintiffs further object to this Document Request on the basis it seeks privileged information protected by the First Amendment privilege and other privileges such as the

employee-union representative privilege and collective bargaining privilege. Plaintiffs further object on the basis that this Request is overly broad in substantive scope and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs continue to search for these for these documents and will produce them to the extent that such documents exist.

**DOCUMENT REQUEST NO. 26:**

All documents and communications between You and any other individual regarding alleged discrimination by the FDNY or otherwise pertaining to this lawsuit.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs further object on the basis that this Document Request is vague and ambiguous. Plaintiffs additionally object to this Document Request on the basis that as written this Request is overbroad and unduly burdensome. Subject to and without waiver of these objections, Plaintiffs direct Defendant to documents bearing Bates Stamp Nos. LOCAL_2507_2615-2620; 2589-2602; 003288-3310.

**DOCUMENT REQUEST NO. 27:**

All documents and communications between You and a Union Plaintiff and/or DC 37 regarding the salaries, pay, benefits, compensation, and/or other terms and conditions of employment at FDNY.

**OBJECTION(S) AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Plaintiffs object to this Document Request based upon the General Objections set forth above. Plaintiffs further object to this Document Request on the basis that this Request is vague and ambiguous. Plaintiffs additionally object to this Document Request on the basis that this Request is overbroad and unduly burdensome as written.  Plaintiffs further object to this Document Request on the basis that it seeks information in the custody and control of Defendant and for which Defendant is the custodian. Subject to and without waiver of these objections, Plaintiffs direct Defendant to documents bearing Bates Stamp Nos. LOCAL_2507_2615-2620; 003288-003310.

- 17 -

**DOCUMENT REQUEST NO. 28:**

All documents not otherwise identified by or responsive to the requests herein upon which You intend to rely in whole or in part, directly or indirectly, in connection with any of the allegations or claims in the Complaint.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28**

Plaintiffs direct Defendant to Plaintiffs' Initial Disclosures Pursuant to FRCP 26(A)(1)(a), dated February 24, 2023. Plaintiffs will continue to supplement this information as it becomes available.

Dated:       New York, New York
              March 28, 2025

By:      /s/_____
              Yetta Kurland
              The Kurland Group
              85 Broad Street. 28th Floor
              New York, New York 10004
              P: (212) 253 6911
              F: (212) 614-2532
              kurland@kurlandgroup.com

              Dave Rankin
              Beldock Levine & Hoffman, LLP
              99 Park Avenue, PH/26th Floor
              New York, New York 10016
              P: (212) 277-5820
              F: (212) 277-5880
              E: Drankin@blhny.com

              *Attorneys for Plaintiffs*

CC: All Counsel