# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LOCAL 2507, UNIFORMED EMTs, PARAMEDICS &
FIRE INSPECTORS, Individually and on behalf of its
current and former members; LOCAL 3621, EMS
OFFICERS UNION, Individually and on behalf of its
current and former members; NYC EMS SUPERIOR
OFFICERS ASSOCIATION, Individually and on behalf
of its current and former members; TONYA BOYD,
CHRISTELL CADET, MARK CARRASQUILLO,
LIZETTE CLARO, BEVERLY COBB, ALI COUTARD,
SENCIA DATILUS, LAITRICE EDWARDS, ALICIA
ELKADI, RONALD FLOYD, KAHLIA GRAHAM,
RICHARD GUZMAN, MAGGIE HOPE, JASMIN
HOWARD, ANGELA JONES, RAVIVARMAN
KAILAYANATHAN, MELANIE MORENO-
KETCHUM, JENELLE PIERRE, SIMONE QUASHIE,        Case No. 22-cv-10336 (AT) (GWG)
JASON SAFFON, ALLISON SHAUGHNESSY,                    [rel. 20-cv-3389]
LAURA TORRES, ANDRE VALDEZ, LANCE
WINFIELD, RONALD WOLFE, MARYLOU
AURRICHIO on behalf of themselves and all other
similarly-situated individuals,

                                Plaintiffs,

        -against-

CITY OF NEW YORK on behalf of the Fire Department
of the City of New York,

                                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFFS' RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiffs, LOCAL 2507, UNIFORMED EMTs, PARAMEDICS & FIRE INSPECTORS,

Individually and on behalf of its current and former members ("Local 2507"); LOCAL 3621, EMS

OFFICERS UNION, Individually and on behalf of its current and former members ("Local 3621");

NYC EMS SUPERIOR OFFICERS ASSOCIATION, Individually and on behalf of its current and

former members ("SOA");  TONYA BOYD, CHRISTELL CADET, MARK CARRASQUILLO,

LIZETTE CLARO, BEVERLY COBB, ALI COUTARD, SENCIA DATILUS, LAITRICE EDWARDS, ALICIA ELKADI, RONALD FLOYD, KAHLIA GRAHAM, RICHARD GUZMAN, MAGGIE HOPE, JASMIN HOWARD, ANGELA JONES, RAVIVARMAN KAILAYANATHAN, MELANIE MORENO-KETCHUM, JENELLE PIERRE, SIMONE QUASHIE, JASON SAFFON, ALLISON SHAUGHNESSY, LAURA TORRES, ANDRE VALDEZ, LANCE WINFIELD, RONALD WOLFE, and MARYLOU AURRICHIO (hereinafter collectively the "Plaintiffs"), on behalf of themselves and on behalf of all other similarly-situated individuals, (hereinafter collectively the "Named Plaintiffs" or "Plaintiffs"), by and through their attorneys The Kurland Group, hereby provide the following responses and objections to the First Set of Interrogatories and Request for the Production of Documents from Defendant CITY OF NEW YORK ("Defendant"), while reserving all rights to object to the production and/or use of any discovery in response to Defendants' demands, including but not limited to motions in limine, motions to preclude, and all other relevant objections, based on the fact that such demands were not timely served.

## PLAINTIFFS' GENERAL OBJECTIONS TO DEFENDANTS' INTERROGATORIES

1.    Plaintiffs object to the Interrogatories to the extent they seek information that cannot be discerned as the complaint and the allegations within it are publicly known.

2.    Plaintiffs object to the Interrogatories to the extent that they purport to demand discovery on terms, or to impose obligations upon Plaintiffs that are beyond the scope of, or different from, the provisions governing discovery set forth in the Federal Rules of Civil Procedure and applicable Local Civil Rules.

3.      Plaintiffs object to the Interrogatories to the extent that they are improper in form, including insofar as they are not framed with the required specificity and particularity, and are redundant in nature.

4.      Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, and/or seek information beyond the time frame relevant to the events underlying this action.

5.      Plaintiffs object to the Interrogatories to the extent that they seek information protected by any applicable privilege, including but not limited to the attorney-client privilege, quality assurance privilege, work-product doctrine and trial preparation materials, and/or pursuant to any applicable state and federal laws and regulations.

6.      Plaintiffs object to the Interrogatories to the extent that they seek information more readily or properly ascertained through other discovery procedures.

7.      Plaintiffs object to the Interrogatories insofar as they seek information readily accessible to Defendants.

8.      Plaintiffs object to the Interrogatories insofar as they seek information outside the possession, custody, or control of Plaintiff.

9.      Plaintiffs object to the Interrogatories insofar as they seek information beyond the scope of the issues in this litigation.

10.     Plaintiffs object to the Interrogatories insofar as they assume disputed facts and/or facts not in evidence, are susceptible to multiple interpretations, state legal conclusions, and/or are otherwise improper.

11.     Plaintiffs reserve each and every privilege and objection raised herein throughout any subsequent response to the Interrogatories.

12.     By furnishing information in connection with this response, Plaintiffs are neither agreeing nor representing that any or all of such information is relevant, material, competent or admissible into evidence in connection with this action.  Plaintiffs reserve the right to object on any ground to the use of any such information in any proceeding or at the trial of this or any other action.

13.     These General Objections are deemed incorporated into the response to each individual Interrogatory.  The Specific Objections set forth below are not to be deemed a waiver, either in whole or in part, of any of the General Objections.

14.     Plaintiffs reserve the right to supplement or amend their Responses up to and including the time of trial.

## PLAINTIFFS' SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

1.     Identify each person who has knowledge or information concerning the allegations in the Complaint. For each person so identified, identify the allegation of which the person has knowledge, and the source of his/her knowledge or basis for his/her belief.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information that cannot be discerned as the complaint and the allegations within it are publicly known.  To the extent that it can be discerned, this Interrogatory seeks information within Defendants' possession, custody, and control.  Subject to and without waiving the objections herein, Plaintiffs identify Oren Barzilay, President of LOCAL 2507, UNIFORMED EMTs, PARAMEDICS & FIRE INSPECTORS, ("Local 2507"), Michael Greco, Vice President of Local 2507, Vincent Variale, President of LOCAL 3621, EMS OFFICERS UNION, ("Local 3621"),

4

Anthony Almojera, Vice President of Local 3621, Kathleen Knuth, President of NYC EMS SUPERIOR OFFICERS ASSOCIATION ("SOA"); TONYA BOYD, CHRISTELL CADET, MARK CARRASQUILLO, LIZETTE CLARO, BEVERLY COBB, ALI COUTARD, SENCIA DATILUS, LAITRICE EDWARDS, ALICIA ELKADI, RONALD FLOYD, KAHLIA GRAHAM, RICHARD GUZMAN, MAGGIE HOPE, JASMIN HOWARD, ANGELA JONES, RAVIVARMAN KAILAYANATHAN, MELANIE MORENO-KETCHUM, JENELLE PIERRE, SIMONE QUASHIE, JASON SAFFON, ALLISON SHAUGHNESSY, LAURA TORRES, ANDRE VALDEZ, LANCE WINFIELD, RONALD WOLFE, and MARYLOU AURRICHIO.

2.     Identify each individual who is a putative member of the class as defined in paragraph "139" of the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is vague and ambiguous and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants. Subject to and without waiving the objections herein, Plaintiffs identify the proposed class as All people employed by the City of New York in the EMS Bureau of the New York City Fire Department in the titles of Emergency Medical Technician, Paramedic, Lieutenant, Captain, Deputy Chief, Division Commander/Chief as of the commencement of this action and at any time during the preceding three-year period. (Complaint, ¶139).

3.     Identify each person employed by plaintiff Local 2507 who has knowledge or information concerning the allegations set forth in the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object

to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.  Subject to and without waiving the objections herein, Plaintiffs identify Jack Shaffer and Jeff Samerson.

4.     Identify each person employed by plaintiff Local 3621 who has knowledge or information concerning the allegations set forth in the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.

5.     Identify each person employed by plaintiff NYC EMS Superior Officers' Association who has knowledge or information concerning the allegations set forth in the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.

6.    Identify each person who has knowledge or information concerning plaintiffs' allegations in paragraph "77" of the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.  Plaintiffs further object to the extent that this Interrogatory seeks to identify Plaintiffs' anticipated witnesses, rather than assist Defendants in identifying their own witnesses, and as such is beyond the scope of Local Civil Rule 33.3.  Subject to and without waiving the objections herein, Plaintiffs identify Local 2507 President Oren Barzilay, Local 2507 Vice President Michael Greco, Local 3621 President Vincent Variale, Local 3621 Vice President Anthony Almojera, and NYC EMS Superior Officers' Association President Kathleen Knuth.

7.    Identify each person who has knowledge or information concerning plaintiffs' allegations in paragraph "84" of the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.  Plaintiffs further object to the extent that this Interrogatory seeks to identify Plaintiffs' anticipated witnesses, rather than assist Defendants in identifying their own witnesses, and as such is beyond the scope of Local Civil Rule 33.3.

8.    Identify each person who has knowledge or information concerning plaintiffs' allegations that defendant steers women and people of color away from the "fire side" and towards the EMS side of FDNY as alleged in paragraph "87" of the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants. Plaintiffs further object to the extent that this Interrogatory seeks to identify Plaintiffs' anticipated witnesses, rather than assist Defendants in identifying their own witnesses, and as such is beyond the scope of Local Civil Rule 33.3. Subject to and without waiving the objections herein, Plaintiffs identify Arlene Simmons, Jasmin Howard, Ramla Evans, and Simone Quashie.

9.    Identify each person who has knowledge or information concerning plaintiffs' allegations in paragraphs "89" to "91" of the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants. Plaintiffs further object to the extent that this Interrogatory seeks to identify Plaintiffs' anticipated witnesses, rather than assist Defendants in identifying their own witnesses, and as such is beyond the scope of Local Civil Rule 33.3. Subject to and without waiving the objections herein, Plaintiffs identify Local 2507 President Oren Barzilay, Local 2507 Vice

President Michael Greco, Local 3621 President Vincent Variale, Local 3621 Vice President Anthony Almojera, and NYC EMS Superior Officers' Association President Kathleen Knuth.

        10.    Identify each person who has knowledge or information concerning plaintiffs' allegations in paragraph "98" of the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.  Plaintiffs further object to the extent that this Interrogatory seeks to identify Plaintiffs' anticipated witnesses, rather than assist Defendants in identifying their own witnesses, and as such is beyond the scope of Local Civil Rule 33.3.  Subject to and without waiving the objections herein, Plaintiffs identify the individuals listed in Paragraph 98 of the Complaint.

        11.    Identify each person who has knowledge or information concerning plaintiffs' allegations in paragraphs "103" of the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.  Plaintiffs further object to the extent that this Interrogatory seeks to identify Plaintiffs' anticipated witnesses, rather than assist Defendants in identifying their own witnesses, and as such is beyond the scope of Local Civil Rule 33.3.  Subject to and without waiving the

objections herein, Plaintiffs identify Local 2507 President Oren Barzilay, Local 2507 Vice President Michael Greco, Local 3621 President Vincent Variale, Local 3621 Vice President Anthony Almojera, and NYC EMS Superior Officers' Association President Kathleen Knuth.

12.    Identify each person who has knowledge or information concerning plaintiffs' allegations in paragraphs "108-109" of the Complaint.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants. Plaintiffs further object to the extent that this Interrogatory seeks to identify Plaintiffs' anticipated witnesses, rather than assist Defendants in identifying their own witnesses, and as such is beyond the scope of Local Civil Rule 33.3. Subject to and without waiving the objections herein, Plaintiffs identify the members of the Board of Trustees of the NYC Employees' Retirement System ("NYCERS").

13.    Identify any person who may be called as a witness at trial, including any expert witness, and describe the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert and a summary of the grounds for each expert's opinion.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Interrogatory seeks to identify Plaintiffs' anticipated witnesses, rather than

assist Defendants in identifying their own witnesses, and as such is beyond the scope of Local
Civil Rule 33.3.  Subject to and without waiving the objections herein, Plaintiffs identify Dr. Brian
Maguire and Dr. Ron Landis.  Plaintiffs further reserve their right to supplement and amend this
response as discovery is ongoing.

> 14.    Identify each and every element of damages and/or loss allegedly incurred
> or suffered by plaintiffs as a result of any acts or omissions of defendant or any of its
> agencies or subdivisions, as alleged in this action.

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that it is outside the scope of
certification discovery and, as such, no response is required at this time.  Plaintiffs further object
to the extent that this Interrogatory is vague and ambiguous, overly broad, unduly burdensome,
and seeks information within Defendants' possession, custody, and control and readily accessible
to Defendants.

## **GENERAL OBJECTIONS TO DEFENDANTS' DOCUMENT REQUESTS**

1.    Documents demanded that are already in the custody or control of Defendant including those that have been authored, created, transmitted to, or transmitted from Defendant will not be reproduced by Plaintiffs.

2.    Plaintiffs object to the Requests to the extent they seek information that cannot be discerned as the complaint and the allegations within it are publicly known.

3.    Plaintiffs object to the Requests to the extent that they purport to demand discovery on terms, or to impose obligations upon Plaintiff, that are beyond the scope of, or different from, the provisions governing discovery set forth in the Federal Rules of Civil Procedure and applicable Local Civil Rules.

4.    Plaintiffs object to the Requests to the extent that they are improper in form, including insofar as they are not framed with the required specificity and particularity, and are redundant in nature.

5.    Plaintiffs object to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or seek information beyond the time frame relevant to the events underlying this action.

6.    Plaintiffs object to the Requests to the extent that they seek information protected by any applicable privilege, including but not limited to the attorney-client privilege, quality assurance privilege, work-product doctrine and trial preparation materials, and/or pursuant to any applicable state and federal law and regulations.

7.    Plaintiffs object to the Requests to the extent that they seek information more readily or properly ascertained through other discovery procedures.

8.    Plaintiffs object to the Requests insofar as they seek documents readily accessible to the Defendants and/or within the public domain.

9.    Plaintiffs object to the Requests insofar as they seek information outside the possession, custody or control of Plaintiffs.

10.    Plaintiffs object to the Requests insofar as they seek information beyond the scope of the issues in this litigation.

11.    Plaintiffs object to the Requests insofar as they assume disputed facts and/or facts not in evidence, are susceptible to multiple interpretations, state legal conclusions, and/or are otherwise improper.

12.    Defendants reserve each and every privilege and objection raised herein throughout any subsequent response to the Requests.

13.    By furnishing information in connection with the Responses, Plaintiffs are neither agreeing nor representing that any or all of such information is relevant, material, competent, or admissible into evidence in connection with this action.  Plaintiffs reserve the right to object on any ground to the use of any such information in any proceeding or at the trial of this or any other action.

14.    These General Objections are deemed incorporated into the response to each individual Request.  The Specific Objections set forth below are not to be deemed a waiver, either in whole or in part, of any of the General Objections.

15.    Plaintiffs reserve the right to supplement or amend the Responses up to and including the time of trial.

## **GENERAL RESPONSES**

1.      In responding to the Defendants' Requests, Plaintiffs do not concede the relevancy or materiality of the information and/or documents sought or provided herewith.  Plaintiffs' responses are made subject to and without waiving any question or objection as to the competency, relevancy, materiality, or admissibility of any information and/or documents identified herein or produced herewith.

2.      Inadvertent production of any document or disclosure of any information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that or any other material, its subject matter, or of Plaintiffs' right to object to the use of any such material or the information contained therein, during any proceeding in this litigation or otherwise.

## **SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

1.      Produce all documents and communications identified in response to the foregoing interrogatories.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information that cannot be discerned as the complaint and the allegations within it are publicly known.  To the extent that it can be discerned, this.  Subject to and without waiving the

objections herein, Plaintiffs state that they have not identified any documents in responding to their Interrogatories.

2.    Produce all documents and communications that identify each putative class members of the in the putative class identified in paragraph "139" of the Complaint.

**RESPONSE**: Plaintiffs object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.

3.    Produce all documents and communications concerning each individual employed by the City of New York and/or by the Fire Department of New York ("FDNY") who allegedly discriminated against the putative individual named plaintiffs on the basis of race, gender in their salary, rate of pay, benefits, compensation, and other terms and conditions of employment from 2016 to the present.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.

4.     Produce a copy of the retainer agreement between plaintiffs and their counsel in this case.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Subject to and without waiving the objections herein, Plaintiffs direct Defendant to the documents attached hereto, Bates stamped Local2507_00403 - Local2507_00411.

5.     Produce a copy of each individual named plaintiffs' federal income tax returns from 2016 to present.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is overly broad and unduly burdensome.  Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

6.     Produce all documents and communications concerning plaintiffs' allegations in paragraphs "2" of the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.  Subject to and without waiving the objections herein, Plaintiffs direct Defendant to the documents attached

hereto and previously produced as part of Plaintiffs' Initial Disclosures, Bates stamped Local2507_00001 - Local2507_00411.

       7.     Produce all collective bargaining agreements between defendant and Local 2507, Local 3621, and NYC EMS SUPERIOR OFFICERS ASSOCIATION ("SOA") that were in force from 2016 to present.

**RESPONSE**: Plaintiffs further object to the extent that this Request seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.  Subject to and without waiving the objections herein, Plaintiffs directs Defendant to the documents attached to their Complaint as Exhibit V.

       8.     Produce all documents and communications concerning plaintiffs' allegations in paragraphs "38" to "47" of the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks confidential documents and communications maintained by the Equal Employment Opportunity Commission.  Plaintiffs further object to the extent this Request seeks information within Defendants' possession, custody, and control and/or readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.

9.        Produce all documents and communications concerning plaintiffs' allegations in paragraph "50" of the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.  Subject to and without waiving the objections herein, Plaintiffs directs Defendant to the documents attached to their Complaint as Exhibit J.

10.        Produce all documents and communications concerning plaintiffs' allegations in paragraphs "53" to "57" of the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.  Subject to and without waiving the objections herein, Plaintiffs direct Defendant to the documents attached hereto and previously produced as part of Plaintiffs' Initial Disclosures, Bates stamped Local2507_00001 - Local2507_00411 and the documents attached to their Complaint as Exhibits F, G, H, and I.

11.      Produce all documents and communications concerning plaintiffs' allegations in paragraph "64" of the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case. Subject to and without waiving the objections herein, Plaintiff directs Defendants to the documents attached hereto, Bates stamped Local2507_00306-Local2507_00308; Local2507_00319 - Local2507_00329; and the documents attached to their Complaint as Exhibit F.

12.      Produce all documents and communications concerning plaintiffs' allegations in paragraph "87" of the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case. Subject to and without waiving the objections herein, Plaintiff directs Defendants to the documents attached hereto, Bates stamped Local2507_00306 - Local2507_00308; Local2507_00325 - Local2507_00330.

13.    Produce all documents and communications concerning plaintiffs' allegations in paragraphs "90" and "91" of the Complaint.

**RESPONSE**: Plaintiffs object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.

14.    Produce all documents and communications concerning plaintiffs' allegations in paragraphs "100" to "101" of the Complaint, including, but not limited to, the contention that "EMS personnel are being disparately treated and/or impacted in the terms, conditions, benefits and privileges of their employment..."

**RESPONSE**: Plaintiffs object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.  Subject to and without waiving the objections herein, Plaintiffs directs Defendant to the documents attached to their Complaint as Exhibit U and Exhibit V.

15.    Produce all documents and communications concerning plaintiffs' allegations in paragraphs "103" to "105" of the Complaint.

**RESPONSE**: Plaintiffs object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.

16.    Produce all documents and communications concerning plaintiffs' allegations in paragraph "108" of the Complaint, including, but not limited to the contention that "EMS personnel are very rarely granted a disability retirement..."

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants and within the possession, custody, and control of NYCERS, who is better suited to provide this information. Plaintiffs further object to the extent this Request seeks production which is not proportional to the needs of the case.

17.    Produce all documents and communications concerning plaintiffs' allegations in paragraphs "112" to "137" of the Complaint.

**RESPONSE**: Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case. Subject to and without waiving the objections herein, Plaintiffs direct Defendant to the documents attached hereto and previously produced as part of Plaintiffs' Initial Disclosures, Bates stamped Local2507_00001 - Local2507_00411.

18.    Produce all documents and communications concerning any job application(s) submitted by the individual named plaintiffs for a position with the New York City Fire Department.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.

19.    Produce all documents and communications concerning any job application(s) submitted by any of the plaintiffs for a position with any New York City agency, department or division from, other than the New York City Fire Department.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.

20.    Produce all documents and communications concerning each of the individual named plaintiffs' educational background, professional or other training, credential or qualification, and prior professional experience.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object

to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.

21.    Produce all documents and communications between or among the individual named plaintiffs regarding alleged discrimination by the FDNY or otherwise pertaining to this lawsuit.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.  Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

22.    Produce all documents and communications between and among the individual named plaintiffs and plaintiff Local 2507 regarding alleged discrimination by the FDNY or otherwise pertaining to this lawsuit.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to

Defendants, and seeks production which is not proportional to the needs of the case. Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

23.     Produce all documents and communications between and among the individual named plaintiffs and plaintiff Local 3621 regarding alleged discrimination by the FDNY or otherwise pertaining to this lawsuit.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case. Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

24.     Produce all documents and communications between and among the individual named plaintiffs and plaintiff NYC EMS SUPERIOR OFFICERS' ASSOCIATION regarding alleged discrimination by the FDNY or otherwise pertaining to this lawsuit.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case. Plaintiffs

further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

25.    Produce all documents and communications between and among employees of and/or members of plaintiff Local 3621 regarding the salaries, pay, benefits, compensation and/or other terms and conditions of employment of FDNY.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, and unduly burdensome, and seeks production which is not proportional to the needs of the case.  Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

26.    Produce all documents and communications between and among employees of and/or members of plaintiff Local 2507 regarding the salaries, pay, benefits, compensation and/or other terms and conditions of employment of FDNY.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, and unduly burdensome, and seeks production which is not proportional to the needs of the case.  Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not

reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

27.    Produce all documents and communications between and among employees of and/or members of plaintiff NYC EMS SUPERIOR OFFICERS' ASSOCIATION regarding the salaries, pay, benefits, compensation and/or other terms and conditions of employment of FDNY.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to the extent that this Request is vague and ambiguous, overly broad, and unduly burdensome, and seeks production which is not proportional to the needs of the case. Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

28.    Produce all documents and communications relating to any statistical analyses performed by plaintiffs and/or plaintiffs' agents concerning any of the allegations in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, and unduly

burdensome. Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege and the attorney work product privilege. Plaintiffs reserve their right to produce documents relating to the statistical analyses performed by plaintiffs and/or plaintiffs' agents as discovery is ongoing.

29.    Produce all documents and communications obtained from any and all Freedom of Information Law ("FOIL") request(s) concerning any of the allegations set forth in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants. Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney work product privilege. Plaintiffs reserve their right to produce documents and/or communications obtained from FOIL request(s) as discovery is ongoing.

30.    Produce all documents and communications obtained from service of a third-party subpoena concerning any of the allegations set forth in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, and unduly burdensome. Plaintiffs further object to the extent this Request seeks privileged information,

including but not limited to information protected by the attorney-client privilege and the attorney work product privilege. Plaintiffs reserve their right to produce documents and/or communications obtained from service of a third-party subpoena as discovery is ongoing.

31.    Produce all documents and communications relating to plaintiffs' claims for relief or damages, including, but not limited to, all documents that identify, specify or describe the nature and type of damages allegedly incurred by plaintiffs, as well as any documents which list, compute, analyze, calculate, estimate or describe the amount of damages allegedly incurred by plaintiffs.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.

32.    Produce all documents concerning any communications concerning any of the allegations in the Complaint, where those communications occurred between plaintiffs and the City of New York and/or the FDNY, and/or any of their agents and/or employees.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.

33.    Produce all documents concerning any communications between any of the individual named plaintiffs and any other putative member(s) of the class relating to the allegations in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to this Request to the extent that this Request is vague and ambiguous, overly broad, and unduly burdensome, and seeks production which is not proportional to the needs of the case.  Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.


34.    Produce all documents concerning any communications between any of the plaintiffs identified in the Complaint relating to any of the allegations in the Complaint.

**RESPONSE**: Plaintiffs further object to this Request to the extent that this Request is duplicative of prior requests and is also vague and ambiguous, overly broad, and unduly burdensome, and seeks production which is not proportional to the needs of the case.  Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.


35.    Produce all documents concerning any communications between plaintiffs and any other person concerning any of the allegations in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible

to Defendants, and seeks production which is not proportional to the needs of the case.  Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

36.    Produce all affidavits, communications and/or other written declarations or statements plaintiffs have obtained from any person concerning any of the allegations in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs object to this Request to the extent that this Request is duplicative, vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants.  Subject to and without waiving the objections herein, Plaintiffs directs Defendant to the documents attached hereto, Bates stamped Local2507_00306 - Local2507_00330, and the documents attached to Plaintiffs' Complaint as Exhibits G. H, and I.

37.    Produce each document and communication concerning any complaint or inquiry made by or on behalf of plaintiffs to any person concerning any of the allegations in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information that cannot be discerned as the complaint and the allegations within it are publicly known.  To the extent that it can be discerned, this Request seeks production which is not

proportional to the needs of the case. Plaintiffs further object to this Request to the extent it seeks confidential documents and communications maintained by government agencies and to the extent such documents may be obtained they are therefore better obtained from those government agencies.

38.    Produce all documents and communications concerning plaintiffs' allegations that defendant allegedly violated any of their rights under 42 U.S.C. § 1983, Title VII and the New York City Human Rights Law.

**RESPONSE**: Plaintiffs object to this Request to the extent that this Request is duplicative of prior requests and is also vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case.

39.    Produce all documents and communications relating to each lawsuit, complaint, or proceeding plaintiffs have initiated or participated in from 2016 to the present including, but not limited to:

      (a)    all pleadings filed by plaintiffs and the opposing party;

      (b)    all discovery documents produced by plaintiffs and the opposing party;

      (c)    any court decision, memorandum or order.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information within Defendants' possession, custody, and control and readily accessible

to Defendants, and seeks production which is not proportional to the needs of the case. Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

40.    Produce all documents and communications concerning each interview that any of the individual named plaintiffs has given to a member of the media regarding any lawsuit against the City of New York.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information which is publicly available and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case. Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

41.    Produce all documents and communications concerning each interview that any plaintiff has given to any person not employed by the FDNY from January 1, 2016 to the present, including any notes prepared or maintained by plaintiffs, where any such interview related to, addressed, or concerned any of the allegations in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this

Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, and seeks information which is publicly available and readily accessible to Defendants, and seeks production which is not proportional to the needs of the case. Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

42.    Produce all handwritten or typed notes, diary entry, memos, notebooks, electronic mail, text messages, social media postings, computer documents, tape recordings, video recording, charts, or any other electronic, recorded or written document maintained, retained, created or produced by any of the plaintiffs concerning any of the allegations in the Complaint including, but not limited to, any claims for damages.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, and unduly burdensome, and seeks production which is not proportional to the needs of the case. Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

43.     Produce all audio or video recordings in the possession, custody or control of plaintiffs, plaintiffs' agents, plaintiffs' representatives and all persons acting on behalf of plaintiffs, which record, memorialize, concern or relate to any:

(a)     conversations with any of the defendant's agents or employees relevant to, related to, or concerning any of the allegations in the Complaint.

(b)     conversations with any person, other than defendant's agents or employees, relevant to, related to, or concerning any of the allegations in the Complaint.

(c)     conversations with any of the defendant's agents or employees relevant to, related to, or concerning plaintiffs' damages.

(d)     conversations with any person, other than defendant's agents or employees, relevant to, related to, or concerning plaintiffs' damages which have not already been produced in response to the above requests.

**RESPONSE**: Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, and unduly burdensome, and seeks production which is not proportional to the needs of the case.  Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

44.    Produce all documents and communications, including but not limited to complaints, charges, or grievances, submitted or filed by any of the plaintiffs or plaintiffs' agents or representatives to agents and/or employees of any of the defendants concerning the allegations set forth in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, seeks information within Defendants' possession, custody, and control, and seeks production which is not proportional to the needs of the case. Plaintiffs further object to the extent this Request seeks documents which are readily accessible to Defendants, and seeks confidential documents and communications maintained by government agencies, and therefore to the extent such documents may be obtained, they are better obtained from those government agencies.

45.    Produce all documents and communications filed by any of the individual named plaintiffs, or on plaintiffs' behalf, with the United States Department of Justice, Equal Employment Opportunity Commission, New York State Division of Human Rights, New York City Commission on Human Rights, the New York City Council, or any other governmental entity concerning any instance where any and/or all plaintiffs assert that his or her rights under 42 U.S.C. § 1983, Title VII or the New York City Human Rights Law were allegedly violated.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs object to this Request to the extent that this Request is vague and ambiguous, overly broad, unduly burdensome, seeks information which is publicly available and/or within Defendants' possession, custody, and

control and readily accessible to Defendants, and seeks confidential documents and communications maintained by government agencies.

46.    Produce HIPAA-compliant authorizations for any treating physicians or medical providers for any plaintiffs claiming they were discriminated against when injured in the course of their employment.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to this Request to the extent that this Request is vague, ambiguous, and overly broad and misapprehends Plaintiffs allegations. Plaintiffs further object to the extent this Request seeks production which is not proportional to the needs of the case and seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

47.    Produce all documents and communications concerning plaintiffs' actual or deferred compensation from any employment, including but not limited to federal, state and local tax returns (including all schedules, forms, statements and exhibits annexed thereto or submitted therewith) filed by or on behalf of any and each of the individual named plaintiffs, W- 2 statements, wage statements, benefits statements or 401K or similar plan statements and pension statements for the years 2016 through the present.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to this Request to the extent that this Request is vague, ambiguous, and overly broad. Plaintiffs further object to the extent this Request seeks production which is not proportional to the needs of

the case and seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

48.    Produced duly-completed authorizations to obtain plaintiffs' NYCERS pension records for any plaintiffs who claim they were discriminated against when seeking disability retirement.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to this Request to the extent that this Request is vague, ambiguous, overly broad, and misapprehends Plaintiffs' claims.  Plaintiff further object to this Request to the extent it seeks production which is not proportional to the needs of the case and seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

49.    Produce a copy of any and all documents and communications concerning any applications for employment sought or obtained by any plaintiff since January 1, 2016 including, but not limited to, all resumes, cover letters, applications, wage statements, benefits statements, and notices of selection/non-selection.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time.  Plaintiffs further object to this Request to the extent that this Request is duplicative of prior requests and is also vague and ambiguous, overly broad, unduly burdensome, seeks information which is within Defendants' possession, custody, and control and readily accessible to Defendants.  Plaintiffs further object to

this Request to the extent it seeks production which is not proportional to the needs of the case and seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

50.    Produce all documents and communications, including press releases, statements, or audio/video taped or written communication submitted or sent by any of the individual named plaintiffs, or plaintiffs' agents or persons working on plaintiffs' behalf, to the written or electronic media, including newspapers, magazines, wire services, Internet sites, and television or radio broadcasters, concerning any of the allegations in the Complaint.

**RESPONSE**: Plaintiffs object to this Request on the basis that it is outside the scope of certification discovery and, as such, no response is required at this time. Plaintiffs further object to this Request to the extent that this Request is duplicative of prior requests and is also vague and ambiguous, overly broad, unduly burdensome, seeks information which is publicly available and/or within Defendants' possession, custody, and control and readily accessible to Defendants. Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

51.     To the extent not produced in response to any of the foregoing requests, produce all documents and communications concerning plaintiffs' allegations that their rights under 42 U.S.C. § 1983, Title VII or the New York City Human Rights Law were allegedly violated by defendant, and/or any other entity.

**RESPONSE**: Plaintiffs object to this Request to the extent that this Request is duplicative of prior requests and is also vague and ambiguous, overly broad, unduly burdensome, seeks information which is publicly available and/or within Defendants' possession, custody, and control and readily accessible to Defendants.  Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to the extent this Request seeks privileged information, including but not limited to information protected by the attorney-client privilege.

52.     To the extent not produced in response to any of the foregoing requests, produce all documents and communications concerning the factual allegations set forth in the Complaint including, but not limited to, allegations regarding plaintiffs' alleged damages.

**RESPONSE**: Plaintiffs object to this Request to the extent that this Request is duplicative of prior requests and is also vague and ambiguous, overly broad, unduly burdensome, seeks information which is publicly available and/or within Defendants' possession, custody, and control and readily accessible to Defendants.  Plaintiffs further object to the extent that this Request seeks documents that are not relevant to the issues in this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs further object to the extent this Request seeks

privileged information, including but not limited to information protected by the attorney-client

privilege.

Date:   April 10, 2023
        New York, NY

_____~//s//~_____
Yetta G. Kurland, Esq.
THE KURLAND GROUP
*Attorneys for Plaintiff*
85 Broad Street, 28th Floor
New York, New York 10004
(212) 253-6911 (t)
kurland@kurlandgroup.com