# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LOCAL 2507, UNIFORMED EMTs, PARAMEDICS & FIRE INSPECTORS, Individually and on behalf of its current and former members; LOCAL 3621, EMS OFFICERS UNION, Individually and on behalf of its current and former members; NYC EMS SUPERIOR OFFICERS ASSOCIATION, Individually and on behalf of its current and former members; TONYA BOYD, CHRISTELL CADET, MARK CARRASQUILLO, LIZETTE CLARO, BEVERLY COBB, ALI COUTARD, SENCIA DATILUS, LAITRICE EDWARDS, ALICIA ELKADI, RONALD FLOYD, KAHLIA GRAHAM, RICHARD GUZMAN, MAGGIE HOPE, JASMIN HOWARD, ANGELA JONES, RAVIVARMAN KAILAYANATHAN, MELANIE MORENO-KETCHUM, JENELLE PIERRE, SIMONE QUASHIE, JASON SAFFON, ALLISON SHAUGHNESSY, LAURA TORRES, ANDRE VALDEZ, LANCE WINFIELD, RONALD WOLFE, MARYLOU AURRICHIO on behalf of themselves and all other similarly-situated individuals,

Case No. 22-cv-10336 (AT) (GWG)
[rel. 20-cv-3389]

      Plaintiffs,

 -against-

CITY OF NEW YORK on behalf of the Fire Department of the City of New York,

      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## PLAINTIFFS' OBJECTIONS TO DEFENDANT'S NOTICES OF DEPOSITION

  Plaintiffs, LOCAL 2507, UNIFORMED EMTs, PARAMEDICS & FIRE INSPECTORS, Individually and on behalf of its current and former members ("Local 2507"); LOCAL 3621, EMS OFFICERS UNION, Individually and on behalf of its current and former members ("Local 3621"); NYC EMS SUPERIOR OFFICERS ASSOCIATION, Individually and on behalf of its current and former members ("SOA"); TONYA BOYD, CHRISTELL CADET, MARK CARRASQUILLO, LIZETTE CLARO, BEVERLY COBB, ALI COUTARD, SENCIA DATILUS, LAITRICE

EDWARDS, ALICIA ELKADI, RONALD FLOYD, KAHLIA GRAHAM, RICHARD GUZMAN, MAGGIE HOPE, JASMIN HOWARD, ANGELA JONES, RAVIVARMAN KAILAYANATHAN, MELANIE MORENO-KETCHUM, JENELLE PIERRE, SIMONE QUASHIE, JASON SAFFON, ALLISON SHAUGHNESSY, LAURA TORRES, ANDRE VALDEZ, LANCE WINFIELD, RONALD WOLFE, and MARYLOU AURRICHIO (hereinafter collectively the "Plaintiffs"), on behalf of themselves and on behalf of all other similarly-situated individuals, (hereinafter collectively the "Named Plaintiffs" or "Plaintiffs"), by and through their attorneys The Kurland Group, hereby provide the following objections to the Notices of Deposition from Defendant CITY OF NEW YORK ("Defendant"). Plaintiffs submit these objections with regard to Defendant's Amended Notices of Deposition served June 6, 2023 for the following individuals:

1. Ali Coutard
2. Alicia Elkadi
3. Allison Shaughnessy
4. Andre Valdez
5. Angela Jones
6. Beverly Cobb
7. Christelle Cadet
8. Jasmin Howard
9. Jason Saffon
10. Jenelle Pierre
11. Kahlia Graham
12. Laitrice Edwards
13. Lance Winfield
14. Laura Torres
15. Lizette Claro
16. Maggie Hope
17. Mark Carasquillo
18. Marylou Auricchio
19. Melanie Moreno-Ketchum
20. Ravivarman Kailayabathan
21. Richard Guzman
22. Ronald Floyd
23. Ronald Wolfe
24. Sencia Datilus

2

25. Simone Quashie
26. Tonya Boyd

## **PLAINTIFFS' OBJECTIONS TO DEFENDANT'S NOTICES OF DEPOSITION**

1. Plaintiffs object to Defendant's Amended Notices of Deposition to the extent that the Notices are overly burdensome, time prohibitive, not proportional to the needs of the case, untimely, and outside the scope of discovery ordered in the Civil Case Management Plan and Scheduling Order ("CMP") [ECF No. 26].

2. By way of example, Defendant seeks to depose twenty-six (26) witnesses, not the nineteen (19) witnesses which Defendant represented to the Court when it requested additional time to serve these notices.

3. Defendant also seeks to examine these witnesses on a wider scope than what is appropriate for class certification and a wider scope than what it represented to the Court when it requested leave to serve these late notices, notwithstanding its Amended Notices.

4. Defendant's counsel has also confirmed they intend to examine witnesses for more than the two (2) hours initially requested and are reserving their right for a full day of examination with continuances for each of the twenty-six (26) witnesses noticed. It is estimated that, even without continuances, the time required by Defendant would be almost 500 hours of preparation and deposition time for Plaintiffs. Such a request is time prohibitive, not necessary or proportional to the needs of class certification, and not achievable within the extended deadline set by the Court for Defendant to complete its depositions. By way of example there exists only approximately 300 business hours in the remaining days between now and Defendant's deadline to complete these depositions.

5. Making Defendant's request further impracticable and overly burdensome is Defendant's demand that Plaintiffs be produced only on days that they are not scheduled to work.

3

Without waiving any of the above objections, Plaintiffs will agree to produce each of the twenty-six (26) witnesses for a period of not more than two (2) hours to be examined only on issues relevant to Plaintiffs' upcoming motion for class certification, with the condition that Defendant provide dates that are available for both Plaintiffs and Plaintiffs' counsel which are within Defendant's deadline of August 4, 2023. Plaintiffs also reserve their right not to re-produce these witnesses during merits discovery in the event the Court grants class certification if, despite the instant notice of Plaintiffs objections, Defendant insists on examining these witnesses on issues outside the scope of class certification.

Date:   June 11, 2023
        New York, NY

~//s//~
Yetta G. Kurland, Esq.
THE KURLAND GROUP
*Attorneys for Plaintiff*
85 Broad Street, 28th Floor
New York, New York 10004
(212) 253-6911 (t)
kurland@kurlandgroup.com

4