

July 16, 2025

**VIA ECF**
The Honorable Gabriel W. Gorenstein, U.S.M.J.
United States District Court Southern District of New York
40 Foley Square, Room 519
New York, New York 10007

**Re:     Local 2507 et al v. City of New York 22cv10336 [rel20cv3389]**

Dear Your Honor:

  Plaintiffs write regarding the individual letter filed by Defendant today without any advance notice and in violation of Your Honor's standing order that disputes between parties in this action be filed jointly [ECF No. 86].  Plaintiffs respectfully ask Your Honor strike Defendant's submission of tonight and direct Defendant to work in good faith with Plaintiffs to file a joint letter as anticipated in Your Honor's July 8, 2025 Order. *See* ECF No. 237.  Or in the alternative, if Your Honor would prefer, Plaintiffs respectfully ask that they be given an extension of 2 business days to amend their draft joint letter on these issues, and submit an individual letter response to Defendant's letter of tonight by July 22, 2025.  Parties have a separate joint letter they anticipate filing tomorrow in this matter, and parties are appearing on Monday July 21, 2025 for a conference with Your Honor on a separate discovery dispute in this matter.

  On July 3, 2025 parties submitted a joint letter regarding scheduling and related discovery disputes.  *See* ECF No. 233.  On July 8, 2025, Your Honor issued an Order adjourning deadlines *sine die* and directing parties to meet and confer and then resubmit their dispute because "Those disputes have not been resolved between parties… and Docket #233 does not properly present any discovery disputes." *See* ECF No. 236.

  Plaintiffs spent the past week working on, and exchanging, a joint letter to supplement parties' July 3, 2025 letter, while also working on a joint letter regarding Defendant's failure to abide by Your Honor's May 14, 2025 Order.  *See* ECF No. 213.  Parties had agreed these letters would be filed simultaneously sometime this week.

  However, tonight, suddenly and with only five minutes advance notice, Defendant simply filed its own individual letter regarding the issues raised in parties' July 3, 2025 letter, claiming this was because Plaintiffs had not acted quickly enough.  This is not true, and this disruptive approach Defendant has demonstrated only causes more delay and additional work for Plaintiffs.

  Plaintiffs have in no way delayed efforts and are anxious to resolve discovery disputes, but

85 BROAD STREET
28TH FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532
kurland@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

in accordance with Your Honor's direction. To that end, on July 9, 2025 Defendant provided its portion of the updated July 3, 2025 letter, ignoring Your Honor's order to first meet and confer. At Plaintiffs' insistence, parties met and conferred briefly on Friday July 11, 2025. These efforts were largely unsuccessful. For example, Defendant refuses to explain why it needs to re-depose Plaintiffs or what topics it seeks depositions on. Notwithstanding this, early Tuesday July 15, 2025 less than two business days later, Plaintiffs provided their portion of the joint letter. Early this morning Defendant provided their edits to the joint letter, and asked when Plaintiffs would provide theirs. Plaintiffs responded that it would immediately look at the letter once it finished reviewing the second joint letter "this evening." Plaintiffs were simultaneously working on edits to the concurrent letter regarding Defendant's failure to comply with the Court's May 14, 2025 letter.

Inexplicably, and with only five minutes notice, Defendant filed an individual letter application this evening regarding the topics in parties' July 3, 2025 joint letter that parties had been exchanging. This evening's letter from Defendant not only violates the spirit of Your Honor's July 9, 2025 Order and upends a week of Plaintiffs' work, but it directly violates Your Honor's longstanding Order in this matter issued on May 23, 2023 that parties may only submit discovery disputes through joint letters, given the exact issue demonstrated in parties' July 3, 2025 letter, i.e. parties failing to properly confer and/or clearly state the issues in dispute before seeking the Court's involvement.[1] It is also extremely discourteous of Plaintiffs time which is already taxed having to draft yet another joint letter regarding Defendant's failure to comply with this Court's earlier Order.

For all these reasons, Plaintiffs respectfully ask that Defendant's submission of tonight be stricken and Defendant be directed to work in good faith with Plaintiffs to file a joint letter on the issues raised on July 3, 2025. Or in the alternative, if Your Honor would prefer, that Plaintiffs be allowed an extension of two business days[2] to redraft their joint letter into a response to Defendant's individual letter which they would file on July 22, 2025. Finally, in either event moving forward Plaintiffs ask that parties be directed to comply with Your Honor's Order to meet and confer and otherwise work cooperatively so that these disputes can be resolved without confusion and unnecessary hardship.

We thank the Court for its time and attention and apologize for the late filing.

Respectfully Submitted,
_____//s//_____
Yetta G. Kurland

---

[1] In specific, on May 23, 2023 Your Honor ordered that "If there's a dispute from now on, I'm not taking separate letters. I want a joint letter. The parties agree on the language saying exactly what the dispute is… We just wasted like 15 minutes of my time because you folks didn't talk to each other. See ECF No. 86 at p. 22:3-8.

[2] Pursuant to Your Honor's Individual Rules, Plaintiffs asked if Defendant would consent to this extension. This request went unanswered.