```
         IN THE UNITED STATES DISTRICT COURT
         IN THE SOUTHERN DISTRICT OF NEW YORK
             Case No. 22-cv-10336 (AT)(GWG)
                   [rel. 20-cv-3389]
```

Local 2507, UNIFORMED EMTs,
PARAMEDICS & FIRE INSPECTORS,
individually and on behalf of its
current and former members; et al.,

     Plaintiffs,
vs.

CITY OF NEW YORK on behalf of the Fire
Department of the City of New York,

     Defendant.
--------------------------------------------------------

           VIDEO CONFERENCE DEPOSITION OF

             ROBERT WILLIAM ALEXANDER

            30(b)(6) AND FACT WITNESS

                    May 16th, 2023
                    Via Video Conference
                    1:00 p.m. - 5:14 p.m.

Reported by:
MARCIA L. ALF, R.P.R.
Notary Public
Job SY7237

```
 1   APPEARANCES:

 2        Appearing on behalf of the Plaintiffs:
          YETTA G. KURLAND, ESQ.
 3        THE KURLAND GROUP
          85 Broad Street
 4        28th Floor
          New York, New York 10004
 5        212-253-6911
          Kurland@kurlandgroup.com
 6
          Appearing on behalf of the Defendant:
 7        LORA MINICUCCI, ESQ.
          ANGELA M. WANSLOW, ESQ. (occasional)
 8        NEW YORK CITY LAW DEPARTMENT
          100 Church Street
 9        New York, New York 10007
          646-369-7932
10        Lminicuc@law.nyc.gov

11        MARIE E. GIRAUD, ESQ.
          Deputy General Counsel – Human Capital NYC
12        Department of Citywide Administrative Services
          212-386-6230
13        Mgiraud@dcas.nyc.gov

14

15

16

17

18

19

20

21

22

23

24

25
```

1      or tied to that promotional line, it would be
2      created at that time.
3  BY MS. KURLAND:
4      Q.   By the user agency?
5           (Multiple speakers)
6           THE COURT REPORTER:  I'm sorry, one at a
7      time.
8  BY MS. KURLAND:
9      Q.   It's created or proposed by the user agency,
10 goes through the process that we discussed.
11     A.   That's correct.
12          MS. MINICUCCI:  Objection.  You can answer.
13          THE WITNESS:  That's correct.
14 BY MS. KURLAND:
15     Q.   Got it, thank you.
16          So, you had mentioned -- so, so we had talked
17 about how there is a promotional line and that that
18 promotional line is determined through the new title
19 promotional process.  But I think what you're also
20 saying is that a user agency can decide on its own
21 that it wants to link up two titles to the same career
22 path and allow one title to promote to the other
23 title, is that correct?
24          MS. MINICUCCI:  Objection.  You can answer.
25          THE WITNESS:  On an exam by exam basis,

1      that's correct.
2  BY MS. KURLAND:
3      Q.   When you say by exam by exam basis, does that
4  mean that the agency has to tell you each time, okay,
5  we'd like to link these two titles up again?
6      A.   That's correct.
7      Q.   Do they have to give you a proposal or an
8  explanation for why they think those titles are
9  related enough such that one can promote to the other?
10          MS. MINICUCCI:  Objection.  You can answer.
11          THE WITNESS:  They do not.  Because in the
12      situations of firefighter, they are -- they are
13      titles used exclusively by the FDNY.  If there
14      were to be titles outside of their purview, then
15      yes, we would have to look at some rhyme or
16      reason for the proposal.  Because that could be
17      poaching from other agency's employees.
18  BY MS. KURLAND:
19      Q.   For example, let's use the PAA title that you
20  talked about earlier.
21          If PAAs were not designated to be in the line
22  of promotion already into administrative managers,
23  which I think they are, let's assume for this
24  hypothetical that they weren't already determined to
25  be in the line of promotion, and the FDNY came to you

1   and said, for this title we actually think that PAAs
2   are related to administrative managers and we want to
3   be able to allow PAAs to apply for administrative
4   managers through a promotional task, you would first
5   have to go through some sort of process because both
6   PAAs and administrative managers are not just utilized
7   by the FDNY, they're utilized by other agencies.
8              So in that situation an agency wouldn't have
9   the exclusive ability to promote -- to determine the
10  lines of promotions for those titles on their own,
11  correct?
12             MS. MINICUCCI:  Objection.  You can answer.
13             THE WITNESS:  That -- that's correct.
14  BY MS. KURLAND:
15      Q.   But with a position like firefighter, because
16  only FDNY uses a firefighter position, the FDNY can
17  just designate, for example, EMTs or paramedics as
18  being able to promote into the position of
19  firefighter, correct?
20      A.   Correct.
21             MS. MINICUCCI:  Objection.  You can answer.
22             THE WITNESS:  Correct.
23  BY MS. KURLAND:
24      Q.   I think I've already provided you this
25  document, it's been previously designated as