# EXHIBIT 11

| | |
|---|---|
| **From:** | Yetta G. Kurland |
| **To:** | Minicucci, Lora (LAW); David B. Rankin; Tala Alfoqaha |
| **Cc:** | Philion, Rachel S.; Tucker, Jacob P.; Bashinski, Hayden F. |
| **Subject:** | RE: Local 2507 - ESI counterproposal |
| **Date:** | Tuesday, June 3, 2025 12:01:55 PM |

*This email sent by kurland@kurlandgroup.com originated from outside the Firm.*

Lora,

As promised and without waiving any of Plaintiffs' demands, rights or objections, and with the understanding that these communications are part of parties' meet and confer obligations to seek dispute resolution of discovery disputes which are pending before Judge Gorenstein, we provide the below written response to your May 30, 2025 proposal regarding Plaintiffs' April 14, 2025 response to Defendant's April 1, 2025 proposed ESI search terms.

One key take away is, as we explained in our April 14, 2025 email, we are unable to finalize search terms until we have the agreed to custodians. There are often several agencies missing from the custodians you present and/or custodians are missing for the relevant time period. Can you provide the complete list of custodians that spans both the time period and the agencies we have requested. Only then can we effectively come up with search terms that are not overly burdensome. See also below.

Yetta G. Kurland, Esq.
Senior Partner
The Kurland Group
**Tel: 212 253-6911** || **Fax: 212 614-2532**
85 Broad Street, 18th Floor | NY, NY 10004
www.kurlandgroup.com

The information contained in this email is intended only for the personal and confidential use of the named individual or entity to whom it is addressed. This message may be an attorney-client communication, and as such it is privileged and confidential. If the reader of this message is not the intended recipient or an employee or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and any review, dissemination, distribution or copying of this message or any part thereof is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by email.

**From:** Minicucci, Lora (LAW) <lminicuc@law.nyc.gov>
**Sent:** Friday, May 30, 2025 2:28 PM
**To:** Yetta G. Kurland <kurland@kurlandgroup.com>; David B. Rankin <drankin@blhny.com>; Tala Alfoqaha <talfoqaha@blhny.com>
**Cc:** rphilon <rphilion@proskauer.com>; Tucker, Jacob P. <jtucker@proskauer.com>; Bashinski, Hayden F. <hbashinski@proskauer.com>
**Subject:** Local 2507 - ESI counterproposal

Yetta –

Below is an updated ESI proposal reflecting the parties' May 23, 2025 meet and confer and results of searches the City conducted incorporating Plaintiffs' latest proposal. As previously noted, this email does not constitute

a waiver of any arguments the City has previously made regarding substantive or temporal scope of ESI searches.

**RFP 7**

While the City maintains that its previously stated position on RFP 7 is reasonable, it ran an updated search based on Plaintiffs' new request (which did not specify search terms but instead requested that the City search for any MOUs, MOAs, and side letters involving unions representing Fire or EMS and the specific class member or alleged comparator titles in this litigation). With that guidance, the City drafted the following search terms:

| |
|---|
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 (DC 37 OR DC37 OR District Council 37) |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 (Uniform Firefighters Association OR UFA OR Local 94) |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 (Uniformed Fire Officers Association OR UFOA OR Local 854) |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Local 2507 |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Local 3621 |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 (SOA or Superior Officers Association) |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 (Supervising Emergency Medical Service Specialist Level I) Just take out Level 1 and we can condense with the one below |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 (Supervising Emergency Medical Service Specialist Level II) See comment above these do not need levels |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Firefighter |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Lieutenant |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Captain |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Battalion Chief |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Deputy Chief |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Division Chief |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Division Commander |
| (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 EMS  (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Fire*  (MOU OR MOA OR Memorandum of Understoanding OR Memorandum of Agreement OR side letter) W/20 EMT |

> (MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 Paramedic

The new terms, along with the City's original proposed terms, resulted in ~37,000 hits (~68,000 with families). The DC 37 search term alone ("(MOU OR MOA OR Memorandum of Understanding OR Memorandum of Agreement OR side letter) W/20 (DC 37 OR DC37 OR District Council 37)") resulted in ~13,000 hits (~25,000 with families). Any attempts by the City to narrow this term were unsuccessful.

It is hard to respond to this because you are not providing what we asked for, i.e. the hit count for each of these searches. Can you please provide that. Also we are confused by what you mean re original search terms, you did not provide original search terms for this. I think we need to understand what your original search terms are and see the hit responses for each of these searches to better understand how to adjust this. We also add the above edits to these search terms to see what that results in.

Based on the hit report, the City will agree to run its original proposal, as well as the new drafted search terms, except for the DC 37 search term. Given that the City has produced all relevant agreements and is agreeing to review an additional ~11,000 hits (~24,000 with families), we believe this proposal is reasonable.

**RFP 8**

As the parties discussed, the City identified two new custodians from the Mayor's Office:
1. Dominic Williams (Chief of Staff to the First Deputy Mayor, 2014-2018; Chief Policy Advisory to the Mayor, 2018-2020)

Is the First Deputy Mayor you are referring to Dean Fuleihan?

2. Andrea Hagelgans (Director of Agency Communications, 2014-2015; Director of Communications, 2015-2016; Senior Advisor for Strategic Planning to the Mayor, 2016-2018)

We collected their data and ran Plaintiffs proposed term of "legislat*" from January 1, 2015 to present for the new custodians as well as those already identified. As expected, because the term was not limited in any way (for example, by reference to the subject matter of this litigation), this search resulted in an additional ~33,000 hits (~42,000 with families). This proposed search term is not reasonably tailored to the subject matter of RFP 8 and the resulting number of hits is not reasonable or proportionate. Accordingly, the City will agree to run only the terms on which the parties have already compromised and will not add "legislat*".

We don't know what you mean "parties have already compromised." Do you mean Defendant's initial proposed terms? Which is:

"firefighter*" AND "disability pension benefit*" AND (legislation OR statut* OR amend*)

The problem with these search terms is that it will only return legislative initiatives related to disability pension. There are other benefits the City has lobbied for such as 911 benefits, death benefits, ¾ pension benefits, etc.

Can you see what comes up when you try:

"Fire*" AND "support" or "lobby" AND ("legislation" OR "bill")

**RFP 24**

The City does not agree with Plaintiffs' position that the proposed search terms do not need to include an "EMS" limiter.  As previously explained, because OLR conducts collective bargaining negotiations for all bargaining units, it is necessary to limit these search terms by "EMS" in order to target the relevant subject matter of this litigation.  To illustrate this point, the proposed terms for the time period of January 1, 2016 to the present resulted in ~21,000 hits (~39,000 with families).

We disagree.  You can limit this search by getting rid of lots of unnecessary terms see comments below.

In response to Plaintiffs' request, the City also collected data for the following OMB Commissioners: Dean Fuleihan (2014-2017), Melanie Hartzog (2018-2020); and Jacques Jiha (2020-Present).  We checked and the City does not have any mailboxes for Joe Lhota (1995-2001) or Mark Page (2002-2014).  The city ran Plaintiffs proposed new terms and the City's previous proposal across the existing custodians and the newly gathered Commissioners and there were ~28,000 hits (~53,000 with families).

We appreciate you are willing to run searches from 2001.  But then, with regards to custodians, there needs to be someone who was a custodian to search for records from 2001 to 2015.  This request addresses the history from the passage of Local Law 19 of 2001 to present.  Who were the OLR commissioners during this time?  And who were the deputy mayors?  If those mailboxes aren't available certainly the Mayor's was.

In an effort to compromise, the City will agree to run these searches starting on January 1, 2001 (as opposed to January 1, 2016), but will not agree to the following search terms:
3. "pattern bargain": ~19,000 hits (~34,000 with families)
4. "uniform* W/15 pattern": ~7,000 hits (~17,000 with families)

 The search terms you are proposing have in large part nothing to do with this topic.  We should not get rid of pattern bargaining or uniform and civilian, that is the gist of the search.  We should get rid of terms like "pay" and "pay disparity" and "job analysis" and "equal pay."  These have nothing to do with use of patterns for bargaining.  Removing those non-relevant topics what are the hit counts?


**RFPs 38-41**
First, as previously stated, the City does not have a mailbox for Tom Von Essen.  The FDNY is confirming that there is no other ESI data stored outside of the mail system for Mr. Von Essen and we will update you once we have more information from our client.

Ok.  Thank you.  Hopefully you will have this for June 6, 2025 Meet and Confer.

**RFP 38**
The City proposed searching back to 2001 for RFP 38 and Plaintiffs proposed searching back to 2000.  As discussed, there are many difficulties trying to locate relevant custodians and records going back 25 years.  The City was able to add data for some OMB Commissioners during this time period (Dean Fuleihan, Melanie Hartzog, and Jacques Jiha).  As noted above, the City does not maintain mailbox data for the two OMB Commissioners who served from from 1995-2014.   The City agrees to run the agreed upon search terms with these new custodians, which results in ~5,000 hits (~14,000 with families).

 Our agreement to reduce the scope of the search from1996 to 2000 forward is very reasonable as there is going to be activity prior to the bill actually passing, and upon information that started even before 2000.  We understand the challenges with going back 25 years, but one additional year won't impact the

search and its especially important this time period because again the most relevant window is from 2000 to 2001 when the bill passes.

As to custodians, the same issue as with RFP No. 24.  We need custodians for that time period.  So because the bill was vetoed it would be the Mayor at the time, Deputy Mayors handling the matter.  Also please look at Request No. 38 we are asking for custodians from the Mayor's Office, FDNY, OLR, OMB, and the Law Department.  We need custodians for each of these agencies.  Once we get those custodians depending on the hit response I think we can cut down some of the search terms, I think most of the hits that are relevant will come from "Local Law 19" AND "uniform" and "Local Law 19" and "EMS." Again its very hard to resolve this when we don't have the custodians identified.

**RFPs 39-41**
The City ran the agreed upon search terms on Nicholas Scoppetta (FDNY Commissioner, 2002-2009), and there were no additional hits.  As previously discussed, the City also attempted to collect from former FDNY Commissioner Von Essen's mailbox but there is no available data.  The City agrees to add as custodians the previously mentioned OMB Commissioners and expand the date range for this search to 2001 for purposes of reaching a compromise.  These updated searches resulted in ~2,100 hits (~6,000 with families).

Again the key issue is that you are not identifying a complete list of custodians.  We have asked for custodians from the Mayor, FDNY, OLR, OMB and the Law Department.

Best,

Lora
--
Lora Minicucci
Deputy Chief, Labor and Employment
New York City Law Department
100 Church Street, Room 2-117
New York, New York 10007
(212) 356-2078
Cell: 646-285-3994
lminicuc@law.nyc.gov
Pronouns: she/her/hers