# EXHIBIT 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LOCAL 2507, UNIFORMED EMTs, PARAMEDICS & FIRE INSPECTORS, Individually and on behalf of its current and former members; LOCAL 3621, EMS OFFICERS UNION, Individually and on behalf of its current and former members; NYC EMS SUPERIOR OFFICERS ASSOCIATION, Individually and on behalf of its current and former members; TONYA BOYD, CHRISTELL CADET, MARK CARRASQUILLO, LIZETTE CLARO, BEVERLY COBB, ALI COUTARD, SENCIA DATILUS, LAITRICE EDWARDS, ALICIA ELKADI, RONALD FLOYD, KAHLIA GRAHAM, RICHARD GUZMAN, MAGGIE HOPE, JASMIN HOWARD, ANGELA JONES, RAVIVARMAN KAILAYANATHAN, MELANIE MORENO-KETCHUM, JENELLE PIERRE, SIMONE QUASHIE, JASON SAFFON, ALLISON SHAUGHNESSY, LAURA TORRES, ANDRE VALDEZ, LANCE WINFIELD, RONALD WOLFE, MARYLOU AURRICHIO on behalf of themselves and all other similarly-situated individuals,

       Plaintiffs,

 -against-

CITY OF NEW YORK on behalf of the Fire Department of the City of New York,

       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 22-cv-10336 (AT) (GWG)
[rel. 20-cv-3389]

**PLAINTIFFS' SECOND SUPPLEMENTAL COMBINED SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: Lora Minicucci, Esq.
   New York City Law Department
   *Attorneys for Defendants*
   100 Church St.
   New York, New York 10007

   Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Rule 26.3 of the Local Rules of the Southern District and the Deposition of Defendant's 30(b)(6) Witnesses, Harold Wagner

dated May 24, 2023, and Renee Campion dated May 23, 2023, Plaintiffs, LOCAL 2507, UNIFORMED EMTs, PARAMEDICS & FIRE INSPECTORS, Individually and on behalf of its current and former members ("Local 2507"); LOCAL 3621, EMS OFFICERS UNION, Individually and on behalf of its current and former members ("Local 3621"); NYC EMS SUPERIOR OFFICERS ASSOCIATION, Individually and on behalf of its current and former members ("SOA"); TONYA BOYD, CHRISTELL CADET, MARK CARRASQUILLO, LIZETTE CLARO, BEVERLY COBB, ALI COUTARD, SENCIA DATILUS, LAITRICE EDWARDS, ALICIA ELKADI, RONALD FLOYD, KAHLIA GRAHAM, RICHARD GUZMAN, MAGGIE HOPE, JASMIN HOWARD, ANGELA JONES, RAVIVARMAN KAILAYANATHAN, MELANIE MORENO-KETCHUM, JENELLE PIERRE, SIMONE QUASHIE, JASON SAFFON, ALLISON SHAUGHNESSY, LAURA TORRES, ANDRE VALDEZ, LANCE WINFIELD, RONALD WOLFE, and MARYLOU AURRICHIO (hereinafter collectively the "Plaintiffs"), by and through their attorneys, The Kurland Group, with offices at 85 Broad St., 28th Floor, New York, NY 10004, submits to Defendant, CITY OF NEW YORK ("City"), on behalf of the Fire Department of the City of New York, their Second Supplemental Combined Set of Interrogatories and Request for the Production of Documents.

In answering these interrogatories, you are required to furnish such information as is available to you, including information in the possession of your attorneys and investigators for your attorneys. Please take notice that pursuant to Fed. R. Civ. P. 33 you are required to answer the following interrogatories separately, in writing, under oath within the time and in the manner prescribed by the rule. In answering these requests, you are required to furnish such information as is available to you, including information in the possession of your attorneys and investigators for your attorneys, within the time and in the manner prescribed by the rule.

2

## INTERROGATORY INSTRUCTIONS

1. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

2. If any information called for by an interrogatory is withheld by reason of a claim of privilege, as to each piece of information or document state the privilege or immunity asserted and the following information:

   a. the author(s), if any;
   b. the recipient(s) (including those copied), if any;
   c. the date;
   d. the subject matter of the document; and
   e. the basis for the claim of privilege or immunity.

3. Unless otherwise indicated, the time period applicable to these Requests is from January 1, 2016 to present.

## INTERROGATORY DEFINITIONS

A. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3.

B. "IDENTIFY" with reference to listing or naming a person means to set out: (a) that person's full name; (b) that person's current home address and home phone number, (c) that person's current business address and business phone number; (d) that person's title and (e) if that person is employed or was previously employed by Defendants, set out that person's previous title and function with Defendants.

C. "IDENTIFY" with reference to listing or naming a business entity means to set out: (a) the legal form of the business entity, such as corporation, partnership, sole proprietorship, etc.; (b) the nature of the business carried on by the entity; ( c) the address and phone number

3

of the principle place of business of the entity; (d) the IDENTITY of each person or entity having an ownership interest in the business entity: (e) the IDENTITY of the employee or owner most knowledgeable about the events underlying the within law suit.

D. "IDENTIFY" with reference to a "DOCUMENT" means to (a) give the type of document (letter, memorandum, telegram, chart, etc.) and a brief description of the document; (b) date; (c) author; (d) addressee or recipient; (e) addressor or initiator; and (f) to state its current custodian and location.

E. "IDENTIFY" with reference to documents withheld on the grounds of privilege means to set out that information necessary for Plaintiff to determine whether the privilege is justified and to be able to bring a motion to compel. This includes: (a) setting out title of the matter, document or writing claimed to be privileged; (b) a brief description of the nature and contents of the matter, document or writing; (c) the date of the matter, document or writing; (d) the name, occupation and capacity of the individual from whom the matter, document or writing emanated; (e) the name, occupation and capacity of the individual to whom the allegedly privileged matter, document or writing was directed; and (f) the place where the privileged document is currently held.

F. "IDENTIFY" with reference to listing any documents which have been lost, destroyed, removed from a file, misplaced or otherwise disappeared or unavailable means to set out: (a) a complete description of all such documents; (b) the date when they were destroyed or otherwise lost, removed or disappeared; (c) the purpose for which they were destroyed or otherwise lost, removed or disappeared and whether intentional or not; (d) the person or persons responsible for the material having been destroyed or otherwise lost, removed or disappeared; and (e) the date(s) and job description(s) of the person or persons responsible for the material having been destroyed or otherwise lost, removed or disappeared.

G. "IDENTIFY" with reference to lawsuits brought against you shall include stating: (a) the name of each Plaintiff or complaining party; (b) the name of each Defendant; (c) the names and addresses of all attorneys representing each Plaintiff; (d) the name of the court in which the action was brought, including the state and county of the court; (e) the action number; (f) whether the lawsuit has been terminated; and (g) a brief description of the lawsuit.

H. "DOCUMENT" means a writing as defined in the Federal Rules of Evidence, F.R.E. 1001 and includes handwriting, typewriting, printing, photographs and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sound or symbols, or combinations thereof. It also includes any information stored on a computer, on a computer disk or recorded on tape or disk, etc.

I. As used herein, the terms "EVENTS" or "INCIDENTS" refer generally to the events alleged in Plaintiffs' Complaint in this action.

J. As used herein, the singular shall include the plural, and vice versa.

K. The term "CONCERNING" or "RELATING TO" means referring to, describing, evidencing, constituting, embodying, pertaining to, concerning, constituting, comprising, reflecting, discussing, referring to, or having any logical or factual connection whatever with the subject matter in question in the broadest sense possible.

L. The term "POSSESSION" means in your custody, or the custody of your employees, attorney(s) or agent(s).

M. The term "PERSON" as used herein means an individual or individuals, a corporation(s), a partnership(s) or any other business entity.

N. As used herein, the terms "PLAINTIFF," and "DEFENDANT," as well as a person's or a party's full or abbreviated name or a pronoun referring to a person or party shall mean the person or party, and, where applicable, the person's or party's agents, representatives,

5

officers, directors, employees, partners, divisions or other organizational units.

O. The term "FIRST RESPONDER" as used herein means the civil service employees of the FDNY, as defined in Plaintiffs' Class Action Complaint dated December 6, 2022, including EMTs, Firefighters, Paramedics, Lieutenants, Captains, Battalion Chiefs, Deputy Chiefs, Division Chiefs/Commanders, and Deputy Assistant Chiefs, regardless of which bureau of the FDNY they are stationed in.

P. As used herein, Federal Agency refers to agencies, divisions, working groups, task-forces, joint task-forces of the Federal Government, such as, and, including but not limited to, the Department of Justice ("DOJ"), Equal Employment Opportunity Commission ("EEOC"), Civil Rights Civil Liberties ("CRCL").

Q. "DOCUMENT" means all writings and all drawings of every kind and description, both originals and all non-identical copies thereof, whether inscribed by hand or mechanical, electronic, microfilm, photographic, or other means, as well as phonic or visual reproductions of oral statements, conversations, or events, including but not limited to: correspondence, transcripts or testimony, letters, memoranda, notes, reports, papers, files, books, pamphlets, periodicals, records, contracts, agreements, purchase orders, invoices, sales confirmations, telegrams, teletypes, other communications sent or received, diaries, calendars, telephone logs, drafts, work papers, agendas, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, summaries, minutes, other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations, bills, statements, other records of obligations and expenditures, canceled checks, vouchers, receipts, other records of payments, financial data, analyses, statistical compilations, tabulations, tallies, plans, compilations of computer-generated data, including any ancillary programming material, interviews, affidavits, printed matter

(including published books, articles, speeches, and newspaper clippings), advertising or promotional matter, press releases and photographs. "Documents" also means voice records, films, video tapes and disks and other data compilations from which information can be obtained, including any materials used in data processing or computer operations. Document also means any writing whether produced manually or electronically. It includes information stored in a computer, on a computer disk, on a CD ROM disk, on audio tape or on video tape. It also includes e-mail.

### REQUEST FOR PRODUCTION OF DOCUMENTS INSTRUCTIONS

A. Each document is to be produced in its entirety, without abbreviation or expurgation.

B. To the extent that a full and complete response to any request would require the production of documents being produced in response to another request, it is sufficient to identify the specific document otherwise being produced and to identify the request in response to which it is being produced.

C. All terms in this request should be construed consistent with Rule 26.3 of the Civil Rules of the Southern District of New York. In addition, the terms "documents" and "reports" include non-computer and computer documents and reports, as well as data stored in computer systems but not printed.

D. All documents maintained electronically by Defendant should be produced pursuant to parties agreed to ESI protocols.

E. If any request for documents is deemed to call for the production of materials that are privileged in whole or in part, or materials protected from disclosure by the work-product doctrine or otherwise, an inventory of such documents is to be furnished containing, as to each document, the following information:

  (1) the type of document (<u>e.g.</u>, letter, memorandum, handwritten notes; computer file);

  (2) the date of the document;

  (3) the title of the document;

  (4) the author of the document;

  (5) the names of any other persons who participated in the preparation of the document;

  (6) the addressee of the document;

  (7) the names of any other recipients of the document;

  (8) the subject matter of the document;

  (9) the number of pages in the document;

  (10) the present custodian of the document;

  (11) the present location of the document;

  (12) if the document is withheld in full, a statement of the facts constituting the basis for withholding the document, including but not limited to any and all privileges being invoked and;

  (13) if portions of the document are withheld, a statement of the facts constituting the basis for withholding those portions of the document, including but not limited to any and all privileges being invoked.

F. If any request for documents is deemed to call for documents that have been lost, destroyed or discarded, an inventory of such documents is to be furnished containing the following information:

  (1) the type of document (<u>e.g.</u>, letter, memorandum, handwritten notes, computer file);

8

(2) the date of the document;

(3) the title of the document;

(4) the author of the document;

(5) the names of any other persons who participated in the preparation of the document;

(6) the addressee of the document;

(7) the names of any other recipients of the document;

(8) the subject matter of the document;

(9) the number of pages in the document;

(10) the date on which the document was lost, destroyed, or discarded;

(11) the manner in which the document was lost, destroyed, or discarded;

(12) the names of the persons ordering, authorizing, participating in or with knowledge of such loss, destruction, or discard; and

(13) the reason for the loss, destruction or discard.

G. For all information stored in electronic format,

H. For information stored on audio or video tape, you are to furnish a copy of the tape.

I. Unless otherwise indicated, the time period applicable to these Requests is from January 1, 2016 to present.

**REQUEST FOR PRODUCTION OF DOCUMENTS DEFINITIONS**

The following definitions shall apply to those documents to be produced and the instructions therein:

A. "Document" means all writings and all drawings of every kind and description, both originals and all non-identical copies thereof, whether inscribed by hand or mechanical,

9

electronic, microfilm, photographic, or other means, as well as phonic or visual reproductions of oral statements, conversations, or events, including but not limited to: correspondence, transcripts or testimony, letters, memoranda, notes, reports, papers, files, books, pamphlets, periodicals, records, contracts, agreements, purchase orders, invoices, sales confirmations, telegrams, teletypes, e-mails, other communications sent or received, diaries, calendars, telephone logs, drafts, work papers, agendas, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, summaries, minutes, other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations, bills, statements, other records of obligations and expenditures, canceled checks, vouchers, receipts, other records of payments, financial data, analyses, statistical compilations, tabulations, tallies, plans, compilations of computer-generated data, including any ancillary programming material, interviews, affidavits, printed matter (including published books, articles, speeches, and newspaper clippings), advertising or promotional matter, press releases and photographs, intel bulletins. "Documents" also means voice records, films, video tapes and disks and other data compilations from which information can be obtained, including any materials used in data processing or computer operations. Document also means any writing whether produced manually or electronically.  It includes information stored in a computer, on a computer disk, on a CD ROM disk, on audio tape or on video tape.  It also includes all types of electronic mail communications including, but not limited to, e-mail, text, instant messages, chats and e-mail.

  B. "Relating to" shall mean embodying, pertaining to, concerning, constituting, comprising, reflecting, discussing, referring to, or having any logical or factual connection whatever with the subject matter in question in the broadest sense possible.

  C. "This case," "this litigation," "this action," "in suit," and "this law suit," shall mean the facts, actions, and claims that comprise the lawsuit described in the caption of this notice.

D. The term "person" as used herein means an individual or individuals, a corporation(s), a partnership(s) or any other business entity.

E. As used herein, the term "incident" refers to the events described in the complaint.

F. As used herein, the terms "Plaintiff," and "Defendants," as well as a person's or a party's full or abbreviated name or a pronoun referring to a person or party shall mean the person or party, and, where applicable, the person's or party's agents, representatives, officers, directors, employees, partners, divisions or other organizational units.

G. The term "FIRST RESPONDER" as used herein means the civil service employees of the FDNY, as defined in Plaintiffs' Class Action Complaint dated December 6, 2022, including EMTs, Firefighters, Paramedics, Lieutenants, Captains, Battalion Chiefs, Deputy Chiefs, Division Chiefs/Commanders, and Deputy Assistant Chiefs, regardless of which bureau of the FDNY they are stationed in.

## INTERROGATORIES

**Section 1 Pursuant to the Deposition of Harold Wagner, dated May 24, 2023:**

1. Please identify the name, address, job title, and employer of each person or persons answering these interrogatories or contributing information used in answering these interrogatories.

    a. If more than one person provided the answers or information, please identify the specific interrogatories answered by each person.

2. Please identify the name and job title of the custodian(s) of the files Defendant has produced, including but not limited to the name and job title of the person at MAPs responsible for preparing 911 call information for transfer to Data Warehouse and Open Data who replaced Pat Modisset.

3. Please identify the name and job title of the individual(s) who oversee the FDOC reports and CAD information at BTDS.

11

4. For the period for which the data has been produced, 2005 to present, what is the annual number of 911 calls that EMS and Fire were both ultimately dispatched to?

5. Is CAD information on the Fire Side recorded as persons, units, or emergencies responded to?

6. What does "Fire Injuries" refer to on the FDOC report. For example, does it reflect members logged into CAD but unable to respond to a call, like MOSINJ, MOSIL and MOSEAL, all members injured on the job, all members injured on the job or otherwise, or something else?

7. Can Fire be automatically dispatched to a Segment 1-3 where there is:

    i. A CVAC stroke?

    ii. Asthma?

    iii. An anaphylactic response?

8. How many non-medical Fire calls was EMS dispatched to in each year of data produced from 2005 to present?

9. Are CFR-D calls in FDOC included in Fire Incidents?

**Section 2 Pursuant to the Deposition of Renee Campion, dated May 23, 2023:**

10. What is the law Commissioner Campion referred to that prohibited negotiating pension benefits as part of collective bargaining?

## DOCUMENT REQUESTS

**Section 1 Pursuant to the Deposition of Harold Wagner, dated May 24, 2023:**

1. Please produce any and all forms that Fire First Responders and EMS First Responders have to fill out when they sustain injury, illness, or exposure in the line of duty.

12

2. Please provide a Code Dictionary for the codes contained in the CAD Data produced by Defendant.

3. Please produce any and all missing data from Defendant's CAD production from 2005 to present, including the missing data for 2021 and 2022 from the Data Warehouse from 2005.

4. Please produce data from 2005 to present from the two sections included on the PCR form which reflects medical treatment provided by someone prior to EMS First Responders' treatment.

5. Please produce the monthly Mayor's Report with statistical information on Fire, EMS and Fire Protection KPIs from 2005 to present.

**Section 2 Pursuant to the Deposition of Renee Campion, dated May 23, 2023:**

6. Please produce the Collective Bargaining Agreements which impact the period of time from 2016 to present, regardless of whey they were executed, for which certain MOAs and MOUs may modify, for all relevant titles including those negotiated by UFA, UFOA, 2507, 3621, and SOA.

7. Please produce the missing agreements including MOUs MOAs and side agreements not yet produced, including but not limited to any agreements, letters, or memorandums, that includes terms or conditions of employment for FDNY First Responders for the period of 2016 to present.

8. Please produce any and all documents including communications and memorandum related to the proposed legislation regarding pension benefits that Defendant agreed to support on behalf of UFA and UFOA.

9. Please produce any and all Pay Authorizations as defined by Commissioner Campion from 2005 to present for all FDNY First Responders.

10. Please produce all Costing Sheets Commissioner Campion testified to for all titles from 2005 to present for FDNY First Responders.

13

**PLEASE TAKE FURTHER NOTICE** that this demand shall be deemed to continue during the pendency of this action, including the trial thereof. In the event of a failure or refusal to comply with these demands, Plaintiff will apply to the Court for an Order compelling compliance pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and other applicable statutes and rules of the FRCP and Local Rules of the U.S.D.C., S.D.N.Y.

Dated: June 1, 2023
       New York, New York

                                      Sincerely,

                                      ~//s//~
                                    Yetta G. Kurland, Esq.
                                    THE KURLAND GROUP
                                    *Attorneys for Plaintiffs*
                                    85 Broad Street, 28th Floor
                                    New York, New York 10004